117 Cal.Rptr.2d 921 (2002)
96 Cal.App.4th Supp. 62
Herb W. HYATT, Plaintiff and Respondent,
v.
Nora TEDESCO, Defendant and Appellant.
No. BV 23290.
Appellate Division, Superior Court, Los Angeles County.
January 31, 2002.
*922 Legal Aid Foundation of Los Angeles and Kenyon F. Dobberteen for Defendant and Appellant.
Meller & Floyd and Harry Floyd for Plaintiff and Respondent.

MEMORANDUM JUDGMENT
P. McKAY, J.
This cause having been submitted for decision, and fully considered, judgment is ordered as follows:
The judgment is reversed. Appellant to recover costs on appeal.
Defendant and tenant Nora Tedesco (hereinafter appellant) timely appeals the judgment entered in favor of plaintiff and landlord Herb W. Hyatt (hereinafter plaintiff) following an unlawful detainer court trial.

PROCEDURAL AND FACTUAL BACKGROUND
On September 20, 2000, plaintiff filed an unlawful detainer action against appellant seeking possession of the premises, forfeiture of the agreement, past due rent and damages on the theory of nonpayment of rent.
On September 25, 2000, appellant filed her answer to the complaint. In her answer, appellant, among other things not germane to this appeal, denied the monthly rent amount as stated in the complaint, the amount of rent that was due and owing, and set forth the affirmative defense of breach of warranty of habitability. Appellant specifically alleged that the following conditions existed in the premises: leaking roof, missing bathtub tiles, windows not secure from the elements due to rotten frames, holes in the carpeting, cracks in the walls, security bars without release latches, water damage throughout the house to the walls and carpets, and plumbing that does not adequately drain.
A court trial was held on October 17, 2000, wherein plaintiff, appellant, and Rocco Spinelli testified.[1] Plaintiffs testimony established a prima facie case for relief under an unlawful detainer cause of action. Additionally, in his case-in-chief, plaintiff testified about matters raised by appellant in her answer to the complaint. According to plaintiff, the conditions that appellant complained of did not exist when he acquired the property in 1995. Plaintiff had the roof of the premises repaired in December *923 1999. It was not until appellant filed her answer to the complaint that plaintiff became aware of appellant's complaints. Appellant did not mention the condition of the premises when plaintiff spoke with appellant about the September rent or when appellant mailed plaintiff the September rent after expiration of the period stated in the three-day notice. After receipt of appellant's answer, plaintiff had the roof and the interior of the premises repaired.
According to the engrossed statement on appeal, appellant testified that the following conditions existed in the premises during September 2000: "the carpet was torn and dirty throughout the property, there were leaks around some of the windows[,] that the bathtub overflow valve leaked badly which had caused the subflooring under the tub to deteriorate, and that the thermostat for the heater did not work properly." Additionally, appellant testified that the roof to the premises had leaked during the entire term of her tenancy and, as a result, personal property had been damaged. It was appellant's contention that even though she provided plaintiff with both written and oral notice of the conditions that existed at the premises, plaintiff had failed to make repairs with the exception of "restoring hot water to the property." In support of her testimony, appellant offered a series of exhibits which were received into evidence. Seven of the exhibits were letters from appellant to plaintiff for the time period starting on March 14, 1996 and ending on March 15, 2000, wherein appellant complained in each letter about the roof leaking when it rains, and other conditions in the apartment. The exhibits also included a series of photographs[2] depicting the roof; water damage inside the closet, bathroom and bedroom; the bathroom with a portion of the wall exposed, crack in the sink and bathtub overflow valve; exterior window frames; carpeting worn or missing to the extent that the floorboards are visible; and pictures taken from underneath the house that include missing floorboards underneath the bathtub.
In rebuttal, plaintiff denied receiving letters from appellant concerning the premises, and reiterated his lack of knowledge as to appellant's complaints regarding the condition of the premises until receipt of her answer to the complaint. Plaintiff added that he had not been inside the premises since 1995 and did not have a key to the residence. To support his testimony, plaintiff offered some exhibits including before-and-after photographs of repairs he had undertaken upon learning of appellant's complaints.
The trial court specifically found that "the premises had conditions requiring repairs by the plaintiff during September 2000, that plaintiff had been aware of those conditions and had failed to correct them." The trial court also found that although the conditions requiring correction affected the habitability of the premises, the conditions were not "substantial" under Code of Civil Procedure section 1174.2. Nevertheless, the trial court concluded that the existence of the conditions entitled appellant to a rent reduction in the amount of $200 for the month of September. Finally the trial court entered judgment for plaintiff for possession of the premises, rent in *924 the reduced amount of $629, damages of $70, and costs of $119.

ISSUE ON APPEAL
The issue presented by this appeal is whether the trial court misapplied the law when it entered judgment for the plaintiff after finding a nonsubstantial breach of the warranty of habitability that justified a $200 reduction in the tenant's rent.
For the reasons explained below, we answer this question in the affirmative and accordingly reverse the judgment.

DISCUSSION
Preliminarily, this court must determine the proper standard for reviewing the trial court's conclusion that the defects which existed at the premises were not "substantial" within the meaning of Code of Civil Procedure section 1174.2.
The decisive evidence regarding the condition of the premises, with a few exceptions, was not contested by plaintiff. Plaintiff primarily relied upon lack of knowledge of the defects in response to appellant's breach of warranty of habitability defense. In fact, plaintiff submitted his own set of before-and-after photographs to demonstrate his efforts to correct the problems.
When the facts of a case are undisputed, appellate courts are confronted with a question of law and are not bound by the findings of the trial court. (Mole-Richardson v. Franchise Tax Board (1990) 220 Cal.App.3d 889, 894, 269 Cal.Rptr. 662.) Thus, we are required to independently determine whether the trial court was correct in finding that the breach was not substantial under Code of Civil Procedure section 1174.2. Alternatively, applying: `istantial evidence standard, the trial court's finding that the conditions existing in the apartment were not substantial is not supported by the evidence.
The California Supreme Court in Green v. Superior Court (1974) 10 Cal.3d 616, 639, 111 Cal.Rptr. 704, 517 P.2d 1168 held that a tenant who successfully proves that the landlord has breached the warranty of habitability is entitled not only to maintain possession of the premises but also to a reduction of rent corresponding to the reduced value of the premises. The Green court further held that a tenant is not entitled to a reduction in rent for minor violations that do not materially affect a tenant's health and safety. (Id. at p. 638, 111 Cal.Rptr. 704, 517 P.2d 1168.)
The Green decision is codified in Code of Civil Procedure section 1174.2. Under this statutory scheme, when a tenant raises breach of the warranty of habitability as an affirmative defense in an unlawful detainer case, the trial court is required to determine whether a substantial breach has occurred. If the court finds proof of a substantial breach, the court is then mandated to do the following: reduce the rent to reflect the breach; give the tenant the right to possession conditioned upon the tenant's paying the reduced rental rate; order that the rent remain reduced until the repairs are made; and award costs and attorney fees to the tenant if permitted under the law and the contract between the parties. The trial court may also order the landlord to make repairs. If the tenant fails to pay rent in the amount ordered and within the time period set by the court, the trial court is then required to award possession and to issue judgment for the landlord. (Code Civ. Proc., *925 § 1174.2, subd. (a).) The landlord is also entitled to possession and judgment in his favor if the court determines that there has been no substantial breach of Civil Code section 1941 or of the warranty of habitability. (Code Civ. Proc, § 1174.2, subd. (b).) "Substantial breach" is defined to mean the "failure of the landlord to comply with applicable building and housing code standards which materially affect health and safety." (Code Civ. Proa, § 1174.2, subd. (c).)
Civil Code section 1941.1 defines a dwelling as untenantable for human occupancy "if it substantially lacks ... [¶] (a) Effective waterproofing and weather protection of roof and exterior walls, including unbroken windows and doors. [¶] (b) Plumbing ... maintained in good working order. [¶] ... [¶] (d) Heating facilities ... maintained in good working order. [¶] ... [¶] (h) Floors . . . maintained in good repair."
Appellant has requested that this court take judicial notice of the legislative history of Code of Civil Procedure section 1174.2 in order to establish that it was the legislative intent that a tenant would not be entitled to a reduction of rent unless the landlord's breach of the warranty of habitability was substantial or material. Appellant's request for judicial notice is denied on the ground that, under the general principles of statutory construction, judicial notice of the legislative intent would be inappropriate. In interpreting a statute, a reviewing court is first guided by the language of the statute. If the language is clear and unambiguous, there is no need to examine the legislative intent. It is only when the words of the statute are ambiguous that we look to the legislative intent. (In re Luke W. (2001) 88 Cal.App.4th 650, 655, 105 Cal.Rptr.2d 905; People v. Mom (2000) 80 Cal.App.4th 1217, 1221, 96 Cal.Rptr.2d 172.)
Here the words of the statute are clear and unambiguous: a tenant is entitled to a reduction of rent only upon a showing of a substantial breach of the warranty of habitability or of Civil Code section 1941. As previously stated, the evidence was undisputed that the premises were not properly waterproofed from the outside elements, that the roof leaked to the extent that the rain damaged the inside walls of the property, that the windows were not waterproofed, that portions of the wall were visible in the bathroom, and that the thermostat was inoperative. These conditions are clearly visible in the photographs entered into evidence at the trial. Furthermore, these conditions are not merely cosmetic or aesthetic, but affect the health and safety of the tenant.
Appellant, having prevailed on her affirmative defense, was entitled pursuant to Code of Civil Procedure section 1174.2, subdivision (a), to possession of the premises and to a conditional judgment in her favor.
The judgment is reversed. Appellant to recover costs on appeal.
We concur. BEVERLY, P.J., and KRIEGLER, J.
NOTES
[1] This appeal relies upon an engrossed statement on appeal to provide this court with a record of the trial court testimony and proceedings. However, the statement does not mention the testimony of Rocco Spinelli.
[2] The photographs are described in the clerk's minutes and in the engrossed statement on appeal as exhibit K, a sheet of paper with four photos; and exhibit L, three sheets of paper with photos. Review of the record reveals that exhibit L actually contains five sheets of paper with a total of 27 photographs.