[No. B175020. Second Dist., Div. Four. Oct. 6, 2005.]

LAURENCE UNDERWOOD et al., Plaintiffs and Appellants, v.
KELLY L. CORSINO et al., Defendants and Respondents.

**COUNSEL**

Burlison & Luostari and Robert C. Burlison, Jr., for Plaintiffs and Appellants.

Francis A. Jones for Defendants and Respondents.

OPINION

**HASTINGS, Acting P. J.**—Plaintiffs and appellants Laurence and Ella Underwood appeal from a judgment entered in favor of their commercial tenant, defendant and respondent Kelly L. Corsino, and her subtenant, defendant and respondent Kim Conway (collectively respondents). The trial court ruled in favor of respondents in connection with appellants' unlawful detainer action against respondents and also ordered abatement of rent in favor of respondents. We conclude the trial court exceeded its authority in ordering abatement of rent. Accordingly, we remand with directions to the trial court to modify the judgment.

### FACTS

In October 2002, appellants entered into a lease with Corsino for use of commercial property as a production studio. Certain provisions of the lease allowed Corsino to do build-out improvements of the property, and appellants agreed to be responsible for installing a climate control unit, checking and repairing the roof, and repairing a hole in the back yard. The lease also required Corsino to utilize the property in accord with all municipal ordinances.

In March 2003, the property was used for videotaping of a "wrap party." Certain municipal code violations were asserted in connection with the party, which led to criminal charges against Laurence Underwood, Corsino, and her husband. The charges were ultimately dismissed against Underwood and Corsino.

On May 1, 2003, Corsino entered into an agreement to sublease the property to Conway, which was approved in writing by appellants.

Appellants agreed that no rental payment for the month of July was due because they had construction work done rendering the premises unusable.

On August 6, Corsino tendered a $2,300 check payable to Laurence Underwood. Underwood did not process the check. Instead, on August 11, 2003, appellants caused a three-day notice to quit to be served on Corsino. It alleged that Corsino was $4,925 in arrears for nonpayment of rent, that she violated certain municipal ordinances in connection with the "wrap party," and that she was otherwise in breach of the lease.

In September 2003 appellants filed their unlawful detainer complaint against respondents. Respondents answered asserting various affirmative defenses. One asserted that appellants "frustrated the purpose of the lease

agreement by preventing defendants from conducting the stated business of the lease." No affirmative relief was sought by respondents.

At the court trial on December 2, 2003, Corsino testified that appellants had agreed to abate the rent for July because of construction and that she had tendered a check in the amount of $2,300 on August 6, 2003, and she admitted that she paid no rent for the period from October through December 2003. She did not believe that she should be required to pay rent through December because she and her subtenant were precluded from conducting business on the premises because of acts taken by appellants, including service of the three-day notice to quit.

The trial court ruled in favor of respondents. It concluded appellants had failed to prove the alleged nonpayment of $4,925 in rent, the alleged violation of the city ordinance, and the alleged breaches of the lease. In addition, the court concluded that service of the notice to quit prevented respondents from making use of the property as a production studio and that "there will be an abatement of all of the rent from and after the date of August 11, 2003 [when the notice to quit was executed], until December 2, 2003." Judgment was entered accordingly.

Appellants moved for an order vacating the judgment or, alternatively, for a new trial with respect to the issue of abatement of rent. The trial court denied appellants' motion.

## DISCUSSION

Appellants challenge only that portion of the judgment abating rental payments from August 11, 2003, through December 2, 2003.

"An unlawful detainer action is a summary proceeding, the primary purpose of which is to obtain the possession of real property in the situations specified by statute. [Citations.] The statutory procedure must be strictly followed. [Citation.] The sole issue before the court is the right to possession; accordingly, a defendant is not permitted to file a cross-complaint or counter-claim and, 'a defense normally permitted because it "arises out of the subject matter" of the original suit is generally excluded . . . if such defense is extrinsic to the narrow issue of possession. . . .' [Citation.]" (*Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742, 746–747 [139 Cal.Rptr. 72], criticized on another point in *Molen v. Friedman* (1998) 64 Cal.App.4th 1149, 1156 [75 Cal.Rptr.2d 651].)

Frustration of purpose is a legitimate defense to an unlawful detainer action which, if established, results in the tenant's retention of the premises.

(*Green v. Superior Court* (1974) 10 Cal.3d 616, 633 [111 Cal.Rptr. 704, 517 P.2d 1168] (*Green*), questioned on another point in *Davis v. Superior Court* (1980) 102 Cal.App.3d 164, 167–168 [162 Cal.Rptr. 167].) *Green* established that if the subject premises are for residential use and the landlord has breached the covenant of habitability, abatement of rent in favor of the tenant is appropriate. (*Green*, at p. 638.) The ruling in *Green* was codified by enactment of Code of Civil Procedure section 1174.2.[1] (*Hyatt v. Tedesco* (2002) 96 Cal.App.4th Supp. 62, 67 [117 Cal.Rptr.2d 921].) But we have found no corresponding statute within the unlawful detainer scheme for a commercial tenancy, and respondents have cited us to none.

■ Respondents do cite to sections 1161.1, subdivision (a) and 1174, subdivision (b), for the proposition that a trial court must determine the amount of rent due when it decides an unlawful detainer action. Those sections so provide.[2] But each section addresses how to assess the amount of rent due where the landlord is successful in the unlawful detainer action. They do not provide authority for a trial court to order abatement of rent in favor of a tenant who has prevailed.

■ "It has long been recognized that the unlawful detainer statutes are to be strictly construed and that relief not statutorily authorized may not

---

[1] All further references are to the Code of Civil Procedure.

[2] As pertinent, section 1161.1, subdivision (a) provides: "[I]n cases of possession of commercial real property after default in the payment of rent: [¶] (a) If the amount stated in the notice provided to the tenant pursuant to subdivision (2) of Section 1161 is clearly identified by the notice as an estimate and the amount claimed is not in fact correct, but it is determined upon the trial or other judicial determination that rent was owing, and the amount claimed in the notice was reasonably estimated, the tenant shall be subject to judgment for possession and the actual amount of rent and other sums found to be due. However, if (1) upon receipt of such a notice claiming an amount identified by the notice as an estimate, the tenant tenders to the landlord within the time for payment required by the notice, the amount which the tenant has reasonably estimated to be due and (2) if at trial it is determined that the amount of rent then due was the amount tendered by the tenant or a lesser amount, the tenant shall be deemed the prevailing party for all purposes. If the court determines that the amount so tendered by the tenant was less than the amount due, but was reasonably estimated, the tenant shall retain the right to possession if the tenant pays to the landlord within five days of the effective date of the judgment (1) the amount previously tendered if it had not been previously accepted, (2) the difference between the amount tendered and the amount determined by the court to be due, and (3) any other sums as ordered by the court."

Section 1174, subdivision (b), provides: "The jury or the court, if the proceedings be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent. If the defendant is found guilty of forcible entry, or forcible or unlawful detainer, and malice is shown, the plaintiff may be awarded statutory damages of up to six hundred dollars ($600), in addition to actual damages, including rent found due. The trier of fact shall determine whether actual damages, statutory damages, or both shall be awarded, and judgment shall be entered accordingly."

be given due to the summary nature of the proceedings. [Citation.]" (*WDT-Winchester v. Nilsson* (1994) 27 Cal.App.4th 516, 526 [32 Cal.Rptr.2d 511].) Because there is no statutory authority for abatement of rent in favor of a successful commercial tenant, the trial court erred.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to vacate that portion of the judgment abating rental payments from and after August 11, 2003. The judgment is otherwise affirmed. Costs on appeal are awarded to appellants.

Curry, J., and Willhite, J., concurred.