Filed 9/9/14  Farkas v. 4528 Colbath LLC CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| MARIAN FARKAS et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>4528 COLBATH LLC et al.,<br><br>    Defendants and Appellants. | B250440<br><br>(Los Angeles County<br>Super. Ct. No. BC362109) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Ronald M. Sohigian, Judge.  Affirmed.

Law Office of Joseph M. Kar and Joseph M. Kar for Plaintiffs and Appellants.

Woolf Gafni & Fowler and Chaim J. Woolf for Defendants and Appellants.

_____

This is the second appeal involving these parties. As set forth in our prior opinion (*Ahn v. Yao* (July 18, 2012, B223489) [nonpub. opn.] (*Ahn*)), 15 tenants[1] who resided at 5135 Zelzah Avenue in Encino, California (the building) brought an action against the owners of the building, George Yao and 4528 Colbath LLC (collectively defendants) after defendants notified the tenants that the building units were going to be sold as condominium units. Following a lengthy, two-phase trial, judgment was entered in favor of plaintiffs. Defendants appealed, and plaintiffs cross-appealed. We affirmed in part, reversed in part, and remanded the matter for a new trial.

The case was retried on plaintiffs' causes of action for breach of the implied warranty of habitability and negligence, as well as on Farkas's claim for wrongful eviction. The jury found in favor of plaintiffs on the negligence claim and awarded them noneconomic damages as well as damages for rent reductions. The jury also awarded Farkas damages on her claim for wrongful eviction.

Following the entry of judgment, the trial court denied plaintiffs costs and attorney fees.

Defendants timely appealed the judgment. They argue that (1) plaintiffs are not entitled to emotional distress damages; (2) plaintiffs are not entitled to rent reductions; (3) plaintiffs are not entitled to prejudgment interest; and (4) the judgment in favor of Farkas on her claim for wrongful eviction must be reversed. Plaintiffs timely filed a cross-appeal, arguing that the trial court erred in denying their request for costs and attorney fees.

We affirm.

---

[1]     The tenants who originally filed the action against defendants included Grace Ahn, Susan Ahn, Zareh Kevork Bagmossian, the Estate of Eli Farkas, Marian Farkas (Farkas), Pourandokit (Helen) Bibiyan (Bibiyan), Faraydoon Kamjoo, Sima Simino, Sami Kamjoo, Khalil Sayani, Flora Shadan-Sayani, Natalie Sayani, Natasha Sayani, Aghahan Taban, and Maryam Taban. In this appeal, the only plaintiffs who are also respondents and cross-appellants are Farkas, Bibiyan, and Aghahan Taban and Maryam Taban (the Tabans).

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2006, plaintiffs filed their original complaint. As summarized in our prior opinion, the third amended complaint pled seven causes of action. (*Ahn*, *supra*, B223489, pp. 4-5.) The case proceeded to trial, and plaintiffs prevailed. (*Ahn*, *supra*, B223489, p. 7.) Defendants timely appealed, and on July 18, 2012, we reversed the judgment in its entirety, except for the restitution award ($2,170) in favor of Grace Ahn, and remanded the matter for a new trial. Defendants were awarded costs on appeal. (*Ahn*, *supra*, B223489, p. 14.)

Following remand, on November 30, 2012, the trial court awarded costs to defendants in the amount of $138,248.29.

A new jury trial commenced on April 3, 2013. In the new trial, plaintiffs pursued claims for breach of the warranty of habitability and negligence; Farkas also prosecuted a claim for wrongful constructive/retaliatory eviction. As is relevant to the issues raised in this appeal, plaintiffs presented evidence that defendants bullied tenants of the building by threatening them with immediate evictions; tenants were terrified, crying, and begging for help. For over a year, there was evidence of unannounced intrusions, aggressive sales representatives, and uninhabitable and substandard conditions in the building. Defendants employed unsupervised, unskilled, and untrained day laborers for major remodeling in occupied units, without any safeguards or precautions.

On April 19, 2013, the jury found that defendants did not violate the warranty of habitability, but determined that defendants were liable for negligence. The jury awarded plaintiffs noneconomic damages as well as rent reimbursements and prejudgment interest. The jury also found in favor of Farkas and against defendants on her additional claim for wrongful eviction. Judgment was entered as follows: (1) Farkas was awarded $18,843.85; (2) Eli Farkas (whose successor in interest is Farkas) was awarded $5,425.18; (3) Bibiyan was awarded $18,828.07; and (4) the Tabans were awarded $16,328.07. The judgment also provides that plaintiffs are to be awarded "costs in an amount to be determined, and if plaintiffs are hereafter determined to be the prevailing parties."

3

Following the entry of judgment, plaintiffs filed a memorandum of costs. Plaintiffs also filed a motion for costs, fees, and prejudgment interest. Defendants filed a motion to strike and/or tax plaintiffs' memorandum of costs, as well as an opposition to plaintiffs' motion for costs, fees, and prejudgment interest.

After the hearing, the trial court denied plaintiffs' request for costs and fees, determining that plaintiffs were not the prevailing party. Citing *Goodman v. Lozano* (2010) 47 Cal.4th 1327, the trial court reasoned that because of the offset of defendants' award of appellate costs, plaintiffs did not achieve a net monetary recovery.

Defendants' timely appeal ensued. Plaintiffs timely filed a notice of cross-appeal, challenging the trial court's order denying them costs and attorney fees.

## DISCUSSION

**Appeal**

I. *Emotional Distress Damages*

Defendants argue that plaintiffs are not entitled to emotional distress damages based upon their alleged negligence. Defendants recognize that tenants may recoup emotional distress damages on successful claims for breach of the implied warranty of habitability. But, they assert that because they prevailed on this claim, and were only found liable for negligence, plaintiffs cannot recover emotional distress damages. Alternatively, defendants contend that plaintiffs cannot recover emotional distress damages because defendants' misconduct was not intentionally outrageous and/or threatened to affect plaintiffs' health.

An appellate court presumes that the judgment appealed from is correct. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) We adopt all intendments and inferences to affirm the judgment unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.) An appellant has the burden of overcoming the presumption of correctness, and we decline to consider the issues raised in an opening brief that are not properly presented or sufficiently developed to be cognizable, and we treat them as waived. (*People v. Stanley* (1995) 10 Cal.4th 764, 793; *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19; *In re*

4

*David L.* (1991) 234 Cal.App.3d 1655, 1661; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.)

Quite simply, defendants did not meet their burden on appeal. They offer no discussion of what was alleged and proven at trial. (See Cal. Rules of Court, rule 8.204(a)(2)(C).) While defendants assert that their "actions were neither intentionally outrageous nor substantially affected or threatened to affect [plaintiffs'] health," they provide us with no record citations or any analysis of the evidence. (Cal. Rules of Court, rule 8.204(a)(1)(C).) While the jury did find in favor of defendants on the breach of warranty of habitability cause of action, we cannot ignore the evidence that substantiates plaintiffs' negligence claim. And at least some of this evidence confirms that defendants' actions were intentionally outrageous.

As plaintiffs point out in their respondents' brief, the wrongful conduct that supported both their negligence and breach of implied warranty causes of action overlapped. It may be that the jury believed the evidence and elected to award plaintiffs damages on only one cause of action.

It follows that defendants have provided us with no basis to reverse the award of damages.

II. *Rent Reductions*

Defendants argue that because plaintiffs did not prevail on their breach of the implied warranty of habitability, they are not entitled to rent reduction damages. In support, they cite *Hyatt v. Tedesco* (2002) 96 Cal.App.4th Supp. 62 (*Hyatt*) and *Green v. Superior Court* (1974) 10 Cal.3d 616 (*Green*). But, neither of these cases stands for the proposition offered by defendants. These cases recognize that a tenant is not entitled to a rent reduction for minor violations that do not materially affect a tenant's health and safety. (See, e.g., *Hyatt*, *supra*, at p. 67; *Green*, *supra*, at p. 638.) In other words, there must be proof of a substantial breach. (*Hyatt,* at p. 67.) But, defendants have not demonstrated how their misconduct was only minor.

To the extent defendants suggest that plaintiffs are not entitled to rent reductions because they only proved mere negligence, as opposed to a substantial violation of the

warranty of habitability, we are not convinced. As set forth above, defendants did not meet their burden on appeal. In their opening brief, they did not argue, discuss, or otherwise explain what the jury found their misconduct to be and how it was anything less than substantial.

III. *Prejudgment Interest*

Citing *Greater Westchester Homeowners Association v. City of Los Angeles* (1979) 26 Cal.3d 86, 103 (*Westchester*), defendants argue that plaintiffs are not entitled to prejudgment interest on their award for emotional distress damages. But, as illustrated by respondents, defendants misrepresent the holding in *Westchester*. Thus, defendants have forfeited this issue on appeal. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellant bears the burden of supporting a point with reasoned argument and citations to authority]; *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 165.)

IV. *Farkas's Award for Wrongful Eviction*

Finally, defendants argue that Farkas's award for wrongful eviction must be reversed. They claim that at the original trial, the jury found in favor of defendants—that defendants' actions did not rise to the level of wrongful eviction of Farkas. Because the *Ahn* appeal did not involve Farkas's unsuccessful wrongful eviction claim, principles of res judicata precluded Farkas from retrying her wrongful eviction claim. Thus, they contend that the judgment in her favor on this cause of action should now be corrected and reversed.

We cannot agree. In *Ahn*, defendants appealed the judgment against them. (*Ahn*, *supra*, B223489, at p. 2.) That judgment included the award of damages to Farkas on her successful negligence claim, as well as all of the other claims on which plaintiffs prevailed. All of the claims in the original trial, as in the retrial, were interdependent and overlapping. (*Sun Oil Co. v. Union & Petroleum Co.* (1929) 208 Cal. 114, 119.) For this reason, the entire judgment was reversed and the matter retried. If defendants believed that Farkas could not retry her wrongful eviction claim based upon our holding in *Ahn*, then they should have raised that issue with the trial court, before the retrial commenced.

6

**Cross-Appeal**

Plaintiffs argue that the trial court erred in denying their postjudgment motion for attorney fees and costs. "Generally, a trial court's determination that a litigant is a prevailing party, along with its award of fees and costs, is reviewed for abuse of discretion. [Citations.] However, [if] the issue . . . involves the interpretation of a statute, [it is] a question of law that we review de novo. [Citation.]" (*Goodman v. Lozano*, *supra*, 47 Cal.4th at p. 1332.)

At issue on appeal is whether plaintiffs are the prevailing parties entitled to recover costs pursuant to Code of Civil Procedure section 1032, subdivision (b). It is undisputed that plaintiffs won on the retrial. But, defendants raise the question of whether plaintiffs obtained a "net monetary recovery," entitling them to costs and attorney fees. (Code Civ. Proc., § 1032, subd. (a)(4).) After all, although plaintiffs won on the retrial, their total judgment resulted in only approximately $60,000; but, plaintiffs owe defendants over $138,000 in costs following defendants' successful appeal in this action.

To answer this question, we turn to *Goodman v. Lozano*, *supra*, 47 Cal.4th at pages 1333–1338. In that case, the Supreme Court concluded that a "'net monetary recovery'" is monetary success free from all deductions. (*Id*. at pp. 1333–1334.) In reaching this conclusion, the Supreme Court was persuaded by the dissent's analysis in *Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963: "'[T]he Legislature's decision to use the phrase 'net monetary recovery' without any qualification that precluded [the] consideration of indirect offsets demonstrated that the Legislature was aware that a party whose judgment was reduced to zero by indirect offsets would not be considered 'the party with a net monetary recovery' and that the Legislature intended that the trial court not be required to designate such a party as a prevailing party.'" (*Wakefield v. Bohlin*, *supra*, at pp. 995–996 (dis. opn. of Mihara, J.), cited in *Goodman v. Lozano*, *supra*, at pp. 1336–1337.)

7

Following this analysis, we agree with the trial court that plaintiffs' net recovery is zero.  While the jury awarded plaintiffs nearly $60,000, that award must be offset by defendants' prior award of over $138,000.  (*deSaulles v. Community Hospital of the Monterey Peninsula* (2014) 225 Cal.App.4th 1427, 1442 ["Our facts present legal issues not discussed in *Goodman*, but its analysis of the phrase 'net monetary recovery' is nevertheless helpful.  The court's interpretation is broad enough to include obtaining an amount of money either by a favorable judgment or otherwise by legal process"].)  Thus, plaintiffs are not prevailing parties and are not entitled to costs or attorney fees.

All remaining issues are moot.

## DISPOSITION

The judgment is affirmed.  Parties to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
BOREN


_____, J.
CHAVEZ