Filed 4/28/16  Land Development Holdings v. Meza CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| LAND DEVELOPMENT HOLDINGS, INC.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAURA MEZA et al.,<br><br>    Defendants and Appellants. | B262696<br><br>(Los Angeles County<br>Super. Ct. No. BC550747) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Rolf M. Treu, Judge.  Affirmed.

Law Office of Daniel J. Bramzon & Associates, P.C., Daniel J. Bramzon, Ross T. Kutash and Matthew L. Brinton, for Defendants and Appellants.

No appearance for Plaintiff and Respondent.

_____

When a landlord brings an unlawful detainer (UD) action alleging nonpayment of rent, and the tenant successfully defends the action on breach of habitability grounds, the tenant is entitled to a "conditional judgment" that preserves the tenant's possession of the premises, on the condition that the tenant pays the fixed "adjusted rental value" owed to the landlord, or, in other words, the rental value of the premises in its less habitable condition. (See Code Civ. Proc., § 1174.2;[1] and see also *Hyatt v. Tedesco* (2002) 96 Cal.App.4th Supp. 62, 67.)

Here, defendants and appellants Laura Meza and Fernando Meza appeal a final UD judgment based on an underlying conditional judgment. The trial court entered the final UD judgment after the Mezas failed to pay the past due adjusted rental value payment by the deadline date specified in the conditional judgment. On appeal, the Mezas argue the court erred in entering the final UD judgment because their failure to pay the adjusted rental value by the date specified in the underlying conditional judgment was caused by the court's failure to serve them with a copy of the conditional judgment. We affirm the UD final judgment.

## FACTS

### *The Conditional Judgment*

In June 2014, plaintiff and respondent Land Development Holdings, Inc. (LDH) served the Mezas with a three-day notice for failure to pay rent for a house on West 15th Street in Los Angeles. In July 2014, LDH filed a UD action against the Mezas. The Mezas filed an answer asserting an affirmative defense that LDH had breached the implied warranty of habitability.

In November 2014, LDH tried its UD action to a jury. On November 26, 2014, the jury returned a verdict with special findings of fact as follows:

     1. LDH owned the 15th Street property;

     2. LDH had a lease agreement with the Mezas;

---

[1]     All further section references are to the Code of Civil Procedure.

3. LDH's three-day notice accurately reflected the rent due under the parties' lease agreement;

4. LDH breached the implied warranty of habitability during the period for which rent was not paid;

5. The Mezas' rent should be reduced by 40 percent in light of LDH's breach of the implied warranty of habitability.

After the jury returned its special verdict findings, the trial court and the lawyers discussed the form of judgment. During these exchanges, the court stated that a money judgment in the amount of $24,386.40 would be entered for LDH. When the discussion turned to the conditional judgment aspect of UD proceedings, the court directed LDH's counsel to prepare a judgment in the appropriate form.

In early December 2014, LDH submitted a proposed judgment to the trial court. The proposed judgment provided that the Mezas owed a total of unpaid rent (after the 40 percent reduction in claimed rent under the jury's special verdict findings) of $24,386.40, as stated by the trial court at trial, and included a blank space for the court to designate a date upon which the rent had to be paid. Further, in accord with conditional judgment principles as generally discussed above, the judgment included the following provisions:

"IT IS THEREFORE ORDERED:

"If the defendant pays plaintiff the sum of $24,386.40 by certified check, money order or cash no later than 5:00 p.m. on

_____, at the offices of [LDH's counsel], defendant shall be the prevailing party and shall be entitled to have judgment for possession of the premises and costs of the suit including reasonable attorneys fees to be determined by noticed motion pursuant to CCP § 1033.5.

"If defendant does pay said sum specified above timely, plaintiff shall repair and correct the defects constituting the breach of warranty and this Court retains jurisdiction over the matter until the following repairs and corrections are made:  [¶]  holes in walls, mice, the gate being broken, toilet

3

not working, no hot water, faucets leaking in bathroom and kitchen. Further, Plaintiff is ordered to return to Department 58 on _____ at 8:30 a.m., show proof of completion, or proof of progress toward those repairs and corrections.

"Future monthly rent for the premises shall be limited to the reasonable rental value as determined herein, that is $1,890 ($3,150 less 40% reduction) per month, until the defects constituting the breach of warranty are repaired and corrected and proof of correction is accepted by the Court, except that plaintiff may apply to this Court for adjustments to the reasonable rental value determination in the event repairs are made and continuing good faith efforts are being pursued to complete the balance of the repairs and correction.

"The Court retains jurisdiction to enforce the provisions of the Conditional Judgment.

"If defendant does not pay that sum by the specified date and time, in the manner and at the location provided in the preceding paragraph, plaintiff shall be the prevailing party and shall be entitled to have judgment for possession of the premises, forfeiture of the rental agreement, for $40,644 as rent and holdover damages, for costs of suit including reasonable attorney fees to be determined by noticed motion pursuant to CCP § 1033.5 and judgment pursuant to CCP Section 415.46 against all unnamed occupants.  Plaintiff shall bring defendant's failure to pay to the court's attention by filing an ex parte application for entry of judgment in plaintiff's favor, including supporting declaration, within five curt days of the date the payment was due.  Plaintiff shall give defendant telephonic notice of the filing of such application, and shall advise the court whether defendant intends to oppose it."

4

*The Application to Enter Final Judgment*

On January 12, 2015, the trial court filled in the blank payment date, choosing a rent payment date of January 22, 2015, and signed and issued the conditional judgment. On the same date, the clerk of the trial court served a copy of a minute order stating: "Judgment after trial filed and entered this day."

According to a subsequent declaration from one of the Mezas' lawyers: on a date not stated, he received the clerk's notice that a judgment had been entered on January 12, 2015. On another date not stated in the declaration, the lawyer went to the trial court's central file room, where an employee told the lawyer that, if he wanted a copy of the January 12, 2015 judgment, then he had to go to Department 58, where the case file was being held. When the lawyer went to Department 58, the courtroom clerk there told the lawyer that the judgment was not available because it had not yet been "scanned" into the court's records. The declaration does not show any further attempts to get a copy of the January 12, 2015 judgment.

On January 29, 2015, LDH filed an ex parte application "for entry of judgment pursuant to conditional judgment." LDH claimed in its application that the Mezas had failed to pay the designated rent of $24,386.40 by the date prescribed in the conditional judgment, that is, by January 22, 2015.

At the ex parte hearing on January 29, 2015, the trial court heard arguments from both LDH's lawyer and the Mezas' lawyer, and took the matter under submission. Later, the court granted LDH's application. The court's written order reads as follows:

> "Upon reading the attached application of Plaintiff, and it appearing to the Court that good cause exists for the granting thereof,
>
> "IT IS ORDERED that Plaintiff recover from Defendants the total sum of $24,386.40 against said named defendants. The Clerk is ordered to enter the judgment as modified. . . .
>
> "IT IS ORDERED THAT sheriff conduct the lockout at the subject property, as specified by law. A writ of possession is to immediately issue.

5

"IT IS FURTHER ORDERED:  This order is stayed for 5 days to allow [Defendants] time to take a writ to Court of Appeal.""

*The Post-Judgment Proceedings*

On February 25, 2015, the Mezas filed a motion for a new trial challenging the final judgment entered on January 29, 2015.  The Mezas supported the motion for new trial with a memorandum of points and authorities, arguing several issues, including that the Mezas had never been served with a copy of the conditional judgment entered on January 12, 2015.  Also, that there were various grounds undermining the underlying conditional judgment and infecting the UD trial, including that LDH had not validly served a three-day notice.

Also on February 25, 2015, the Mezas filed a motion to vacate the final judgment entered on January 29, 2015, as well as a motion for judgment notwithstanding the verdict, both of which raised the claim that the trial court had failed to serve the underlying conditional judgment entered on January 12, 2015 on the Mezas.

On March 11, 2015, the trial court heard arguments from a lawyer for LDH and for the Mezas, and then entered a minute order denying the Mezas' motion for new trial and their motion for judgment notwithstanding the verdict.  The court's minute order of March 11, 2015 is silent on the Mezas' motion to vacate the January 29, 2015 final judgment, but in light of the record, it is plain that the court declined to vacate the judgment as well.

On March 13, 2015, the Mezas filed a notice of appeal from the final judgment entered on January 29, 2015.

**DISCUSSION**

The Mezas contend the trial court erred in granting LDH's ex parte application to enter the final judgment against them because they "had no notice of the payment date for the [underlying] conditional judgment."  In this vein, the Mezas argue that, because the court did not serve a copy of the conditional judgment on them as required under section 1172.4, the time for them to pay the adjusted rent prescribed in the conditional judgment

6

"never began to run," and, thus, the court "erred in entering [the final] judgment against them based upon their failure to make the payment." Further, the Mezas argue that, having erred in entering the final judgment against them, the court erred again in not setting the final judgment aside "when the issue of nonservice [of the underlying conditional judgment] was brought to the court's attention." The Mezas' arguments do not persuade us to reverse the final judgment.

We agree with the Mezas that there does not appear to be any published cases giving direct guidance on what results may ensue or what remedies may be available when a trial court fails to serve a copy of a conditional judgment that is entered under section 1174.2. For example, whether such a failure excuses the tenant from complying with a time deadline set for the payment of any prescribed rent. We also agree with the Mezas that, as a general rule, due process requires that a party must be provided with appropriate notice before a court may take any action against that party.

This said, we must note on our own, even without assistance from a respondent's brief (LDH has not appeared in the Mezas' current appeal), that we are guided on appeal by certain well-settled rules of review. In particular, we must presume that an appealed judgment is correct, and must infer all findings necessary to support the judgment where there is no statement of decision, and must presume that the trial court followed the law. (See, e.g., *Wilson v. Sunshine Meat & Liquor Co*. (1983) 34 Cal.3d 554, 563; and see *In re Marriage of Cohn* (1998) 65 Cal.App.4th 923, 928.)

Here, the trial court expressly found that "good cause exist[ed]" for the entry of the final judgment on January 29, 2015. Accordingly, we presume the court either found that it did not believe the Mezas' assertion that they never had a copy of the underlying conditional judgment in hand before the date upon which they were required to pay the adjusted rent of $24,386.40 or, alternatively, the court found that the Mezas had failed to show good reason why they did not obtain a copy of the conditional judgment sooner. We find both supported by the record. Plainly, LDH had been able to get a copy of the judgment because it knew the date that the Mezas' payment was due, and it brought its ex parte application to enter the final judgment shortly after the payment date expired.

7

We have another reason dissuading us from reversing the judgment. The record establishes – without any room for doubt – that the Mezas knew the exact amount of adjusted rent ($24,386.40) that they were required to pay to LDH by late November 2014, at the end of the UD trial. Further, the record establishes – again without any room for doubt – that the Mezas knew the exact amount of rent that they had to pay to LDH in early December 2014, when LDH submitted its proposed conditional judgment. Further still, the Mezas were given notice of the ex parte hearing set on January 29, 2015, at which LDH requested entry of the final judgment, and they appeared by their counsel at that hearing. Notwithstanding all of this notice as to the amount they had to pay to LDH in unpaid rent, and that they had a two-month time period in which to pay, we see nothing in the record to show that the Mezas, at any time, attempted to tender the specified adjusted rental value payment, or any payment in any amount. Indeed, we see nothing in the record to show that the Mezas ever even submitted a declaration stating that they were "ready, willing and able" to tender payment of the adjusted rent due under the conditional judgment. Given the totality of the factual circumstances, we are not persuaded to reverse the final UD judgment.

Our view of the Mezas' motion to set aside the January 29, 2015 final judgment is similar. There is nothing in the record to support a conclusion that the Mezas would, or were even able to, make the adjusted rental value payment specified in the underlying conditional judgment at any time.

**DISPOSITION**

The judgment is affirmed. Each party to bear its own costs on appeal.


BIGELOW, P.J.

I concur:


GRIMES, J.

8

**Land Development Holdings, Inc. v. Meza**

**B262696**

**FLIER, J., Dissenting**

I respectfully dissent.

Code of Civil Procedure[1] section 1174.2, subdivision (a) provides in pertinent part: "In an unlawful detainer proceeding involving residential premises after default in payment of rent and in which the tenant has raised as an affirmative defense a breach of the landlord's obligations under Section 1941 of the Civil Code or of any warranty of habitability, the court shall determine whether a substantial breach of these obligations has occurred. If the court finds that a substantial breach has occurred, the court (1) shall determine the reasonable rental value of the premises in its untenantable state to the date of trial, [and] (2) shall deny possession to the landlord and adjudge the tenant to be the prevailing party, conditioned upon the payment by the tenant of the rent that has accrued to the date of the trial as adjusted pursuant to this subdivision within a reasonable period of time not exceeding five days, from the date of the court's judgment *or, if service of the court's judgment is made by mail, the payment shall be made within the time set forth in Section 1013 . . . .*" Section 1013 in turn describes how to effectuate service of a document including service by mail.

As the italicized language illustrates, section 1174.2 contemplates the service of the conditional judgment and extends the time for performance (i.e., tender of the rent due) when such service is effectuated by mail. It is undisputed that in this case the conditional judgment was not served. It is further undisputed that Laura Meza and Fernando Meza had *no notice* of the *date* the conditional judgment required them to pay the rent that had accrued. Upon learning that the conditional judgment was not served as required by the statute, the court should have provided tenants a reasonable time to tender payment.

---

[1]     Undesignated statutory citations are to the Code of Civil Procedure.

1

In *Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, the clerk of the trial court served notice of dismissal on plaintiff at the wrong address. (*Id*. at p. 507.) The appellate court held the ensuing dismissal was void for lack of proper service. (*Id*. at pp. 508-510.) The appellate court explained: "the clerk failed to comply with section 1013, subdivision (a), in sending the rule 225 notice [re dismissal] to plaintiffs. Consequently, the notice was of no effect." (*Id*. at p. 511.) In *Moghaddam v. Bone* (2006) 142 Cal.App.4th 283, an order setting aside a judgment was void because the adverse party was not given notice of it. Similarly, here section 1174.2 required service of the conditional judgment, and the trial court should have ensured such service prior to concluding that tenants failed to comply with the conditional judgment.

The majority creates obstacles untethered to the governing statute or any other rule of law. First, there was no requirement tenants set forth a declaration indicating that they were prepared to tender payment.[2] The trial court made no effort to determine whether tenants were prepared to tender payment and made no finding that they were not. The majority makes that finding for the first time on appeal without affording tenants an opportunity to argue otherwise. Second, the fact that tenants were aware that a conditional judgment would be forthcoming does not provide notice of the *date* their payment was due. Third, the fact that Land Development Holding, Inc.'s counsel had notice of the date payment was due, does not show that tenant's counsel similarly had such notice, and *no* evidence in the record supported that conclusion. The uncontradicted evidence showed that tenants' counsel attempted to obtain the judgment and was told that it was being scanned and could not be viewed.

Because the conditional judgment was not served as statutorily required, the trial court should have vacated the final judgment (the one based on tenants' failure to comply with the conditional judgment) and given tenants a short period of time to tender the payment required under the conditional judgment. I would conditionally reverse the

---

[2]     Although there may be a tender requirement in foreclosure proceedings (see, e.g., *Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 104), section 1174.2 has no similar requirement.

judgment, affording tenants two days to tender the payment required under the conditional judgment. If tenants fail to tender such payment, the final judgment would be reinstated. This result is consistent with due process and consistent with section 1174.2.

FLIER, J.