Filed 4/14/21  Hawthorne Investment, LLC v. Lam CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| HAWTHORNE INVESTMENT, LLC, | B303786 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19TRCV00994) |
| v. | |
| QUAN THIET LAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Deirdre Hill, Judge.  Affirmed.

Quadros & Cuellar, Sarah Cuellar and Micheli Quadros for Defendant and Appellant.

William C. Robison, APC, and William C. Robison for Plaintiff and Respondent.

_____

Hawthorne Investment, LLC sought to evict Quan Thiet Lam after Lam failed to pay rent under a commercial lease. Following a bench trial, the trial court awarded Hawthorne possession of the premises, damages, and other relief.

Lam claims the court improperly disallowed his contract defense as well as his defense based on the common law implied warranty of habitability. Alternatively, he urges us to take a precedent-setting step by extending this warranty beyond residential tenants to commercial tenants like him. We affirm. Statutory citations are to the Code of Civil Procedure.

I

In 2015, Lam entered into a five-year commercial property lease. The agreement is a form contract from the California Association of Realtors entitled "Commercial Lease Agreement" with blanks filled in and some interlineations. One interlineation divided maintenance obligations between landlord and tenant. Lam's monthly rent was $7,000.

On October 4, 2019, Hawthorne served Lam with a "3 Business Day Notice to Pay Rent or Quit." The notice stated Lam owed rent from July 1, 2019 to October 31, 2019, "amounting to a good faith estimate in the sum of $25,625.00." The notice demanded that Lam pay the past due rent or leave the premises. It warned failure to pay would result in lease forfeiture and a lawsuit.

Lam did not leave or pay rent. On November 6, 2019, Hawthorne sued Lam for unlawful detainer. Hawthorne sought possession of the property, past due rent, attorney fees, costs, and forfeiture of the lease agreement.

2

Because Lam continued to shirk rent after receiving the three-day notice, Hawthorne also sought rental damages of $233.33 per day from November 1, 2019 through the judgment date, totaling $16,099.77. The parties and the trial court referred to this period as the holdover period.

Lam asserted affirmative defenses, including a defense that Hawthorne materially breached the contract. His answer to the complaint cites *Green v. Superior Court* (1974) 10 Cal.3d 616 (*Green*) and claims the rent sought is excessive due to "Damp/leaking ceiling/walls." Lam claimed other offsets as well.

Lam represented himself at a bench trial on January 8, 2020.

Our record contains a settled statement of the trial plus Hawthorne's trial exhibits, which were admitted into evidence. Lam's trial exhibits are not part of our record.

Lam testified about a roof leak in December 2019 and resulting damage to his home furniture inventory. Hawthorne objected to this testimony as irrelevant, noting the damage in December 2019 was after service of the three-day notice and, in any event, "habitability" is not a defense in commercial unlawful detainer actions. The trial court sustained the objection as to a defense for possession but allowed the testimony on the issue of daily rental damages after the event.

Hawthorne established the elements of its claim at trial. The trial court awarded Hawthorne possession of the premises, past due rent, holdover damages, attorney fees, costs, and forfeiture of the lease. The court said Lam had the right to bring a separate property damage action.

Regarding the holdover period, Hawthorne had requested $233.33 per day as the daily rental value, but the court awarded

only $25 per day, which yielded a damages award of $1,725 for this period.

The court also deducted $2,000 from the past due rent Hawthorne claimed, reducing the award from $25,625 to $23,625. The minute order for the January 2020 trial has a notation from March 2020 stating this reduction was "for reasonable value during flooding and leaking."

Only Lam appealed.

## II

Unlawful detainer proceedings are summary proceedings concerning the right to possession of real property and associated damages.  (See § 1174, subds. (a) & (b); *Underwood v. Corsino* (2005) 133 Cal.App.4th 132, 135 (*Underwood*).)  Defendants generally may not raise claims and defenses unrelated to the narrow issue of possession.  (*Underwood*, at p. 135.)

The Supreme Court recognized one such defense in *Green*. In that 1974 case, the court first recognized a common law implied warranty of habitability in *residential* leases whereby residential landlords covenant they will maintain their leased premises in a habitable state for the duration of a lease.  The court held breach of this warranty can be a valid defense in an unlawful detainer action.  (*Green*, *supra*, 10 Cal.3d at pp. 619, 620, 637.)  *Green* thus provided residential tenants a means of defeating eviction and reducing the rent owed if they can establish breach by the landlord.  (See *id.* at p. 635.)

The Legislature codified *Green*'s holding in section 1174.2. (*Underwood*, *supra*, 133 Cal.App.4th at p. 136.)  By its terms, this provision applies only to unlawful detainers involving "*residential* premises." (§ 1174.2, subd. (a), italics added.)  There is no similar statute for *commercial* tenancies.  (See *Underwood*, at p. 136.)

4

Lam's appeal does not dispute the facts. Rather he argues the trial court erred in preventing him from establishing habitability and contract defenses to maintain possession of the property and in cabining evidence of the leaky roof to the issue of damages.

We review the court's evidentiary ruling for an abuse of discretion. (See *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 885.) Additionally, because Lam's appeal raises issues of law and does not involve the resolution of disputed facts, we independently review the judgment. (See *SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 461; *Boyd v. Carter* (2014) 227 Cal.App.4th Supp. 1, 6.)

Lam's attacks fail. The evidence was a leak occurred sometime *in December 2019.* Hawthorne served its three-day notice *in early November 2019* based on Lam's failure to pay rent for *July through October 2019.* Any leak or uninhabitable conditions in December did not excuse Lam's earlier failure to pay rent. The timing of the leak ends the matter. Limiting the evidence of the leak to the issue of damages was not an abuse of discretion.

Both the three-day notice and the leak also predated the current global pandemic, so Lam's arguments on this score lack a basis.

Even were we to ignore this timing, Lam failed to establish an affirmative defense of habitability was available or should be available to him. California appellate courts consistently have refused to recognize a habitability defense to *commercial* property unlawful detainers. (See, e.g., *Muro v. Superior Court* (1986) 184 Cal.App.3d 1089, 1098 (*Muro*); *Fish Construction Co. v. Moselle*

5

*Coach Works, Inc.* (1983) 148 Cal.App.3d 654, 658; *Schulman v. Vera* (1980) 108 Cal.App.3d 552, 560–561.)

Further, the slim record before us provides no basis for extending this defense to Lam. There is nothing showing Lam is a "financially strapped small business owner," as he claims on appeal; nothing showing the lease was presented on a take-it-or-leave-it basis, as he argues; and nothing showing any gap in bargaining power between the parties. (See *Green, supra,* 10 Cal.3d at pp. 624–625) [citing the unequal bargaining power of landlord and tenant resulting from scarce housing in urban areas and tenants' inability to get financing for major repairs in adopting the implied warranty of habitability for residential leases]; see also *Muro, supra,* 184 Cal.App.3d at p. 1096 [policy consideration underlying *Green* is the need to insure safe, adequate housing for modern, urban residential tenants who are powerless to protect themselves].) Lam made no showing that the rationale underlying the implied warranty of habitability fits the facts of his case.

Lam argues the trial court in fact found a breach of this warranty and "opened the door" for him to litigate this breach when the court reduced damages for the holdover period and reduced the past due rent by $2,000; however, he argues, the court did not go far enough in allowing this defense.

As far as the record shows, the trial court said nothing about the implied warranty of habitability. The law authorized the court to determine the amount of rent due and actual damages and to depart from the amounts Hawthorne claimed. (See § 1174, subd. (b); see also § 1161.1, subd. (a) [concerning estimated demands for commercial real property]; *Superior Motels, Inc. v. Rinn Motor Hotels, Inc.* (1987) 195 Cal.App.3d

6

1032, 1069, 1071 [measure of damages for unlawful detainer is reasonable rental value of the property, which may be greater or less than the agreed rent].)

In deducting $2,000 from past due rent "for reasonable value during flooding and leaking", the trial court was not recognizing a habitability defense. It was providing Lam an accommodation, perhaps a sort of rough and equitable justice, for damage that occurred *after* Hawthorne sought to evict him.

This deduction gave Lam a financial break. Landlord Hawthorne could have attacked it. But apparently thinking the game was not worth the candle, Hawthorne accepted the trial outcome and, according to the settled statement, "made no objection to the court's order for judgment."

If Lam is asking us to infer there was damage to the property before December 2019, this request has no record basis. Lam neither hired a court reporter nor requested a statement of decision, so we are left with a settled statement and minute order that confine the damage to December 2019.

The $2,000 deduction from past due rent, whether right or wrong, did not open a door to Lam's proposed habitability defense. The court did Lam a modest favor. Hawthorne acceded. None of this gives Lam a right to possess the property or to retry damages.

We need not and do not address the arguments about mootness.

**DISPOSITION**

We affirm the judgment and award costs to Hawthorne Investment, LLC.

WILEY, J.

We concur:

BIGELOW, P. J.

STRATTON, J.