## GARBRELL *v.* FITCH.

In an action for unlawfully holding over after the expiration of the tenant's term, three days notice is all that is required.

APPEAL from the County Court of Shasta.

Action of unlawful detainer against tenants at will holding over after expiration of lease. Notice to quit was given on October 13th, 1854, and action brought on the 17th of the same month. The Court below instructed the jury that three days notice was sufficient, under defendant's exception. Verdict and judgment for plaintiff, and defendants appealed.

*Cartter & Hartley* for Appellants.
Cited 4 Kent Com., p. 113, and notes; Prindle *v.* Anderson, 19 Wend., 391.

*Stephen J. Field* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY. Mr. Justice TERRY concurred.

This was an action in the Court below for unlawfully holding over after the expiration of the tenant's term. The defendants were tenants at will. Notice to quit was given on the 13th, and suit brought on the 17th.

It is contended that the action was prematurely commenced; such is not the case, and this suit does not fall within the rule of Armstrong *v.* Ray, 4 Cal. Rep., which was a case of non-payment of rent; although the report does not show the facts of the award which controlled the decision.

In a case of holding over after the expiration of the lease, three

13

days notice is all that is required, and the instruction of the Court that the notice was sufficient, was correct, the law having made this a sufficient notice.

Judgment affirmed.