Opinion
GORDON, P. J.
Charmaine Quinn, defendant, appeals from the judgment of the municipal court granting plaintiff’s motion for summary judgment in an unlawful detainer action.
Appellant is a tenant in housing regulated by the Department of Housing and Urban Development. By stipulation, the parties agreed that a three-day notice to pay April 1981, rent or quit the premises was served by posting and mail on April 20. Appellant tendered the amount demanded on April 24. Respondent refused the tender on the ground that the three-day notice expired April 23.
The issues raised by appellant’s appeal are (1) whether Code of Civil Procedure[1] section 1161 provides a tenant in default of payment of rent with three days within which to cure the default and (2) whether service pursuant to section 1162, subdivision 3, as applied to section 1161, subdivision 2, effectively provided three days’ notice in the instant case.[2]
*Supp. 11 In reaching its decision, this court examined the basic elements of unlawful detainer contained in section 1161, subdivision 2, and found five:
(1) Tenant is in possession,
(2) Tenant is in possession without permission,
(3) Tenant is in default of rent,
(4) Tenant has been served and has three days’ notice in writing and
(5) Service of such notice is made “upon him.”
“ ‘The failure of the tenant to pay rent does not ipso facto work a forfeiture of the leasehold; it merely gives the lessor the right to terminate the lease in the manner provided by law . . .’ ” (Lamey v. Masciotra (1969) 273 Cal.App.2d 709, 714 [78 Cal.Rptr. 344]; Briggs v. Electronic Memories and Magnetics Corp. (1975) 53 Cal.App.3d 900 [126 Cal.Rptr. 34].) The essential element, therefore, is the notice and whether or not it comports with the fundamental requirements of the law.
The question is whether the “three days’ notice” required by the statute is three days of actual notice, i.e. three days which do not begin to run until notice is actually served upon the tenant, thus providing the tenant with three full days in which to cure the default and prevent forfeiture. The statute appears to so provide on its face and where “the meaning of the law on its face is plain and unambiguous the Court will not go behind the statute . . . .” (White, Sources of Legislative Intent in California (1972) 3 Pacific LJ. 63, 65; citing Kesler v. Department of Motor Vehicles (1969) 1 Cal.3d 74, 77 [81 Cal.Rptr. 348, 459 P.2d 900].)
A brief examination of the statute’s history in the California courts supports such an interpretation.
“The unlawful detainer statutes were . . . enacted to provide an adequate, expeditious and summary procedure for regaining possession of real property wrongfully withheld by a tenant. The rights and remedies afforded a landlord *Supp. 12 by the statutory provisions are given in lieu of his common law rights and remedies which included the right to enter and expel the tenant by force. [Citations.]” (Childs v. Eltinge (1973) 29 Cal.App.3d 843, 853 [105 Cal.Rptr. 864].)
An early California case in unlawful detainer states ti>e rule for construction of the statute: “Forfeitures are not favored by the common law, and statutes in derogation of the common law are to be strictly construed.” (Gage v. Bates (1870) 40 Cal. 384.) Strict construction of statutes providing this summary remedy is still the rule. (Briggs v. Electronic Memories & Magnetics, supra, 53 Cal.App.3d at p. 905.]
Another early case held that no demand upon the tenant was necessary before commencing an unlawful detainer action. (Gaskill v. Trainer (1853) 3 Cal. 335.) Subsequently, and before enactment of the instant statute in 1872, in Garbrell v. Fitch (1856) 6 Cal. 189, 190, the court noted that “three days’ notice is all that is required” to commence suit.
An interim statute provided that the tenant had to pay the rent within “the space of three days” after demand was made before the landlord could commence the unlawful detainer action. California General Sessions Statutes of 1863, page 586 (italics added). Commenting upon the purpose of the Act of 1863, a contemporary court said that the statute softened the strictness of the common law “but it was still necessary to demand the rent, and after the expiration of three days therefrom, to demand the possession, and the tenant then had three days further time in which to pay the rent, to save the forfeiture.” (Brummagim v. Spencer (1866) 29 Cal. 661, 663 (italics added).) It seems clear from the language of these cases and the interim statute that the tenant was to have three days in which to cure the default in rent. The present statute, enacted in 1872, contains the precise language, “Three days’ notice,” used in Garbrell, supra, 6 Cal. 189. (Code Civ. Proc., § 1161 (Deering’s 1886).)
More contemporary cases support that interpretation: “The evident purpose of that section (§ 1161, subd. 2) is to specifically point out breaches complained of in order that they may be remedied within the time allowed by the statute. ” (Julien v. Gossner (1951) 103 Cal.App.2d 338, 344 [229 P.2d 786] (italics added); Fifth & Broadway Partnership v. Kimny, Inc. (1980) 102 Cal.App.3d 195, 202 [162 Cal.Rptr. 271, 7 A.L.R.4th 580].) The statute provides not merely notice but three days in which to cure the default. “If payment is made by the tenant within the three-day notice period, the right to possession remains in effect as if there had been no default.” (Briggs v. Electronic Memories, supra, 53 Cal.App.3d at p. 905.)
/
*Supp. 13 The notice required by section 1161 must be served pursuant to section 1162. Section 1162 provides for service by (a) personal service to the tenant or (b) leaving a copy with some person of “suitable age and discretion” at his residence or business and sending a copy by mail to his residence or (c) “affixing a copy in a conspicuous place on the property . . .; and also sending a copy through the mail addressed to the tenant at the place where the property is situated.” This last method of service, “post and mail,” was the form used by respondent in the instant case.
The express intent of sections 1161 and 1162 is to effect personal service on the tenant in default. (Lamey, supra, 273 Cal.App.2d 709.) Indeed, subdivision 2 of section 1162 provides for substituted service in the same manner as section 1011. Such service is legally equivalent to personal service. {Forslund v. Forslund, (1964) 225 Cal.App.2d 476 [37 Cal.Rptr. 489].)
Section 1162, subdivision 3, however, provides for a form of service not generally recognized by the California Code of Civil Procedure. The “post and mail” service is available in a limited range of actions related to leasehold estates (see Civ. Code, §§ 789-792, 827, 1946; Health & Saf. Code, § 51066, subd. (b) and Code Civ.Proc., §§ 1161, 1161a). California has long held that service of a three-day notice by posting alone does not comply with section 1162. {Jordan v. Talbot (1961) 55 Cal.2d 597 [12 Cal.Rptr. 488, 361 P.2d 20, 6 A.L.R.3d 161].) The United States Supreme Court, in a recent decision, held that “merely posting notice on an apartment door does not satisfy minimum standards of due process” in an unlawful detainer proceeding. {Greene v. Lindsey (1982) 456 U.S. 444 [72 L.Ed.2d 249, 102 S. Ct. 1874].)
Greene addresses the constitutional adequacy of a form of notice, namely, posting, and holds that it is insufficient to give the actual notice and opportunity to be heard required by Mullane v. Central Hanover Tr. Co. (1950) 339 U.S. 306 [94 L.Ed. 865, 70 S.Ct. 652] and Shaffer v. Heinter (1977) 433 U.S. 186 [53 L.Ed.2d 683, 97 S.Ct. 2569]. While not a part of its holding, the court reflects that “posted service accompanied by mailed service, is constitutionally preferable to posted service alone.” {Greene, supra, 456 U.S. at p. 455, fn. 9 [72 L.Ed.2d at p. 258].) That is exactly the procedure set out in section 1162, subdivision 3.
The problem arises when the constitutional requirement of notice set forth in Greene is applied to the statutory requirement of section 1161. How are we to measure the three days’ notice required by section 1161 if the three days does not commence with posting? Greene is clear. Posting is not notice. If mailing is notice, how does a tenant know when his three days is up? If section 1161 must be read to begin the three-day period with notice, it can never be provided by mail, particularly because the statute, as we interpret it, allows for three days of *Supp. 14 notice to cure the default. Three days’ notice by mail would not, given our mails, allow three days to cure.
Thus, we read Greene to conclude that posting alone in the case at bar was insufficient to provide notice. Respondent mailed the notice April 20, the same day it was posted, but mailing clearly could not have provided the “three days’ notice, in writing” which this court determines is required by section 1161.
We, therefore, hold that service made in accordance with section 1162, subdivision 3, as applied to section 1161, subdivision 2, must be effected in such a manner as will give a tenant the three days of written notice required by the Legislature in which he may cure his default in the payment of rent.
The judgment of the municipal court is reversed.
Rushing, J., and Ambler, J., concurred.

All citations or references are to the Code of Civil Procedure unless otherwise indicated.

Appellant contends that the mere fact that the notice was mailed is sufficient to invoke the five-day extension of section 1013 and that application of section 1013 to a three-day notice is mandatory when such notice is mailed. Appellant obviously argues for five additional days because she did not get three days of notice.
Because this court bases its decision on other grounds set forth below, we do not reach the issue of whether section 1013 is applicable to section 1162, subdivision 3. If the facts had been otherwise and if respondent had mailed its notice pursuant to section 1013 requirements for an additional five days for documents served by mail, the due process issue of notice would not be *Supp. 11 before us. The court would have found such service adequate to meet the three days’ notice requirement of section 1161.
Appellant’s contention that section 1178 mandates application of section 1013 to “proceedings” in chapter 4, title in, “Forcible Entry and Detainer,” is clearly erroneous. A close reading of section 1178 reveals that it incorporates only those “provisions of Part 2 of this code, relative to new trials and appeals.” Thus, it is not necessary for this court to determine if a three-day notice is a “proceeding” within the meaning of section 1178 since section 1013 makes no reference to appeals or new trials.