Filed 12/17/14

## TO BE PUBLISHED IN THE OFFICIAL REPORTS

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SANTA CLARA
### APPELLATE DIVISION

| | |
|---|---|
| KIM KRUGER, | Case No. 1-14-AP-001641 |
| Plaintiff and Respondent, | Trial Ct. No. 1-13-CV-253086 |
| v. | |
| CORINA REYES et al., | **OPINION** |
| Defendants and Appellants. | |

THE COURT.[*]

Defendants and appellants Corina Reyes and Golden Gate Care Collective, Inc. (collectively "Appellants") appeal from the October 18, 2013 unlawful detainer judgment against them. The judgment, entered after a court trial, restored possession of the subject property to plaintiff and respondent Kim Kruger, and awarded her damages plus attorney fees and costs in the total amount of $10,298.81. Because Appellants had timely paid all rent due through the period covered by the three-day notice by deposit directly into Kruger's bank account as provided by Civil Code section 1500, they had actually performed and were not in default when Kruger served them with a three-day notice to pay rent or quit, even though Kruger had returned at least some of the timely deposited funds. Kruger's service of the three-day notice to pay rent or quit was therefore premature and void as a matter of law. We accordingly reverse the judgment.

### STATEMENT OF THE CASE[1]

Kruger is the owner of commercial real property located at 623 North First Street, in San Jose. On May 20, 2012, she entered into a written lease agreement with Appellants, who used

---

[*]Bonini, P.J., Arand, J., and Williams, J.

[1]We take the facts from the verified pleadings and attachments and the reporter's transcript from the court trial.

1

the premises to operate a medical-marijuana cooperative. The lease initially required Appellants to pay as rent $2,800 per month due in advance on the first day of each calendar month during the lease term. Among other things, the lease provided that "Landlord may issue a Three-Day Notice to Pay Rent or Quit after the rent continues to be unpaid after four days after the date it is due." Beginning June 1, 2013, the monthly rental rate was increased to $2,968 per the lease terms. By separate agreement or practice of the parties, the manner in which Appellants paid rent was by direct deposit into Kruger's bank account.

At some point, a dispute arose between the parties about the way in which Appellants were conducting business on the premises. Kruger generally contended that illegal activities were taking place in violation of the lease. On March 27, 2013, she filed an unlawful detainer action seeking to remove Appellants from the premises for these alleged violations ("the prior action"). Despite the pendency of that action, and as more particularly described below, Appellants continued to pay rent in advance for the months of April through September 2013 by deposit directly into Kruger's bank account. Kruger maintains that she periodically returned those funds to Appellants either in cash or by check. As of June 21, 2013, Kruger considered the lease terminated, acknowledged that rent was no longer due, and confirmed she would no longer accept it.

On September 9, 2013, on Kruger's request, the court dismissed the prior action. That same day, Kruger served Appellants with a three-day notice to pay rent or quit under Code of Civil Procedure section 1161, subdivision (2). The notice appears to have demanded back rent for a six-month period from April 2013 through September 2013—the period for which Appellants had timely made advance direct deposits for payment of rent. The estimated amount of rent claimed to be due on the notice was originally $17,472 but, because of a calculation error, it was later reduced to $14,672. Before the three-day notice period expired, Appellants made a partial payment of $8,400 that Kruger accepted. On September 13, 2013, the fourth day after service of the notice, Appellants made an additional payment of $9,400, which Kruger rejected.

2

On September 16, 2013, Kruger filed this unlawful detainer complaint against Appellants, by which she sought possession of the premises, restitution, and damages. Appellants filed a verified answer denying allegations and alleging various affirmative defenses.

A court trial was held on October 17, 2013, at the conclusion of which the court found in favor of Kruger. Judgment in her favor for possession and damages, plus attorney fees and costs, in the total amount of $10,298.81 was entered the next day.

On October 30, 2013, Appellants filed a motion to vacate the judgment. The court heard and denied the motion on November 13, 2013.

On November 8, 2013, Appellants filed a petition for relief from judgment as it declared a forfeiture of the lease agreement. The court heard and denied the petition on November 20, 2013. Appellants appealed from the judgment, which is appealable under Code of Civil Procedure section 904.2, subdivision (a), that same day.

## DISCUSSION

I.      *Timeliness of the Appeal*

A notice of appeal in a limited civil case must be filed on or before the earliest of: (1) 30 days after the trial court clerk mails a notice of entry of judgment or a file-endorsed copy of the judgment with a proof of service attached; (2) 30 days after the party filing the notice of appeal serves or is served with a notice of entry of judgment or a file-endorsed copy of the judgment with proof of service attached; or (3) 90 days after the entry of judgment. (Cal. Rules of Court, rule 8.822(a).)

Here, the judgment was entered on October 18, 2013. The record does not show that Appellants were ever served with a notice of entry of judgment or a file-endorsed copy of the judgment with proof of service attached. Their notice of appeal therefore had to have been filed within 90 days from entry of judgment on October 18, 2013. The notice of appeal having been filed on November 20, 2013, it is timely. (Cal. Rules of Court, rule 8.822(a).)

II.     *Issues on Appeal/Standard of Review*

Appellants contend that service of the three-day notice to pay rent or quit was premature and void as a matter of law and that it also violated a specific provision of the lease.

3

In an appeal from an unlawful detainer judgment, the appellate court reviews the trial court's findings of fact, whether express or implied, to determine whether they are supported by substantial evidence. (*Palm Property Investments, LLC v. Yadegar* (2011) 194 Cal.App.4th 1419, 1425; *SFPP, L.P. v. Burlington Northern & Santa Fe Railway Co.* (2004) 121 Cal.App.4th 452, 462.) To the extent the court below drew conclusions of law based upon its findings of fact, the appellate court reviews those conclusions of law de novo. (*Palm Property Investments, LLC v. Yadegar, supra*, at pp. 1425-1426.)

III. *Analysis*

A. *Mootness*

As a preliminary matter, Kruger contends the appeal is moot because possession of the premises is no longer at issue, Appellants having vacated. She cites *Vasey v. California Dance Co.* (1977) 70 Cal.App.3d 742, 747 (*Vasey*) [in unlawful detainer, the sole issue before the court is right to possession]. But nothing in *Vasey* can be construed as holding that an appeal is moot where, as here, a tenant has lost possession of the property because of the unlawful detainer judgment, and the tenant challenges the award of money damages on appeal.[2] An appeal from a trial court's judgment in unlawful detainer proceedings is not rendered moot by a defendant's relinquishment of possession of property pending appeal. (*Old National Fin. Servs. v. Seibert* (1987) 194 Cal.App.3d 460, 468.) At oral argument, Appellants acknowledged they do not now seek possession of the premises. Instead, they pursue this appeal to challenge the award of money damages, attorney fees, and costs. We accordingly conclude the appeal is not moot and proceed to the merits.

B. *Service of the Three-Day Notice to Pay Rent or Quit Was Premature and Void as a Matter of Law, and Violated a Specific Lease Provision*

Appellants contend service of the three-day notice to pay rent or quit on September 9, 2013, was premature as Kruger failed to establish they were then actually in default on payment of rent, as required by Code of Civil Procedure section 1161, subdivision (2). Kruger, for her

---

[2] The court in *Vasey* did not discuss when an appeal from an unlawful detainer judgment is moot. The court instead focused on the types of damages that may be awarded in these actions.

part, claims Appellants were in default before service of the notice because rent for the six months from April through September 2013, was unpaid after its due date on the first of each month. She contends, therefore, that because of the default in payment of rent, she was entitled to serve a three-day notice when she did, and then pursue eviction when Appellants did not fully pay back rent within the three-day period after service of the notice.

Unlawful detainer actions are governed by Code of Civil Procedure section 1161 and related provisions. " 'An unlawful detainer is a summary proceeding, the primary purpose of which is to obtain the possession of real property in the situations specified by statute. [Citation.]' " (*Underwood v. Corsino* (2005) 133 Cal.App.4th 132, 135 (*Underwood*).) "An unlawful detainer action is founded upon unlawful occupation and the principal relief sought is early possession of the property; damages and rent are incidental thereto and are recoverable only because the statute so provides." (*Vasey*, *supra,* 70 Cal.App.3d at p. 748.)

" 'It has long been recognized that the unlawful detainer statutes are to be strictly construed and that relief not statutorily authorized may not be given due to the summary nature of the proceedings. [Citation.]' [Citation.]" (*Underwood, supra*, 133 Cal.App.4th at pp. 136-137; see also *Kwok v. Bergen* (1982) 130 Cal.App.3d 596, 599-600.) "In order for a person to avail himself of the summary remedy of unlawful detainer, he must bring himself within the terms of the statute establishing such relief. [Citation.]" (*Hinman v. Wagnon* (1959) 172 Cal.App.2d 24, 27.) "The statutory procedure must be strictly followed." (*Underwood, supra*, 133 Cal.App.4th at p. 135.) "Unlawful detainer is a highly specialized form of litigation. Highly summary in nature, the code requirements must be followed strictly, otherwise a landlord's remedy is an ordinary suit for breach of contract with all the delays that that remedy normally involves and without restitution of the demised property." (*Cal-American Income Property Fund IV v. Ho* (1984) 161 Cal.App.3d 583, 585.)

The basic elements of unlawful detainer for nonpayment of rent contained in Code of Civil Procedure section 1161, subdivision (2), are: (1) the tenant is in possession of the premises; (2) that possession is without permission; (3) the tenant is in default for non-payment of rent; (4) the tenant has been properly served with a written three-day notice; and (5) the

5

default continues after the three day notice period has elapsed. (*Davidson v. Quinn* (1982) 138 Cal.App.3d Supp. 9, 11.)

" ' "The failure of the tenant to pay rent does not *ipso facto* work a forfeiture of the leasehold; it merely gives the lessor the right to terminate the lease in the manner provided by law… .[Citations.]" ' The essential element, therefore, is the notice and whether or not it comports with the fundamental requirements of the law." *(Davidson v. Quinn, supra,* 138 Cal.App.3d Supp. at p. 11.)

Here, the notice to pay rent or quit appears to seek rental payments for the six-month period from April 2013 through September 2013. At trial, Kruger testified she had initiated the prior action for Appellants' illegal use of the property and while that action was pending, she would not accept rent and returned all rental payments they had deposited for that six-month period.

We glean from the record that during the period in which the prior action was pending, Appellants made a series of timely payments for rent, all through direct deposit into Kruger's bank account as agreed by the parties. They paid the April 2013 rent by deposit into Kruger's account on April 1, 2013. Kruger testified she retained and did not return the April 1, 2013 rent, even though the prior action was then pending. Appellants paid the May 2013 rent by deposit into Kruger's account on April 30, 2013. Kruger testified she returned this deposit "in cash" but could not remember the date she did so and thought it might have been on a date before the May rent was even paid. She had no receipts or records to support this testimony. Appellants paid the June 2013 rent by deposit into Kruger's account on May 17, 2013. Kruger testified she returned this deposit through her attorney by check sometime after May 22, 2013. Appellants denied having received either the cash return, or the May 22nd check (that was never cashed), suggesting that the funds for the April 1, May 1, and June 1, 2013 rent payments remain in Kruger's account or otherwise in her possession or control. Appellants then paid $8,400 as advance rent for the months of July, August, and September 2013, by deposit into Kruger's account on June 20, 2013. On June 21, 2013, Kruger returned this advance payment of rent by check payable to Appellants' counsel on June 21, 2013. Kruger testified she then considered

6

the lease terminated, acknowledged that rent was no longer due, and confirmed she would no longer accept it.

According to the trial testimony, the prior action was ultimately dismissed on September 9, 2013. That same day, Kruger served Appellants with the three-day notice to pay rent or quit in this case. The trial court concluded the lease was reinstated on that date by dismissal of the prior action. On cross-examination, Kruger admitted that while in her mind, rent was again due as of September 9, 2013, in the months before that date, she had not accepted any rent from Appellants and had returned either some or all the advance rent they had paid. But Kruger did not inform Appellants on or before September 9, 2013 that, as of that day, she considered the lease to be reinstated and back rent to again be "due," or that if rent were tendered or paid again for April through September 2013, she would accept it.

Civil Code section 1500 provides: "An obligation for the payment of money is extinguished by a due offer of payment, if the amount is immediately deposited in the name of the creditor, with some bank or savings and loan association within this state, of good repute, and notice thereof is given to the creditor." When this section is satisfied, there has been not a mere tender but *actual performance* of an obligation to pay money. (*Walker v. Houston* (1932) 215 Cal.742, 746.) A tender by check is not actual payment within the meaning of the statute, which requires a deposit in the name of the creditor. (*Norton v. Lyon Van & Storage Co.* (1935) 9 Cal.App.2d 199, 202.) Under Civil Code section 1500, Appellants' deposits of rent directly into Kruger's bank account covering the period April through September 2013, resulted in satisfaction of their monthly obligation to pay rent by the due dates under the lease for these months.[3] If rent were to again become "due" for this period of time because of reinstatement of the lease and Kruger's willingness to accept rent timely paid but previously returned, then

_____

[3] We do not suggest the obligation to pay rent at all was forever extinguished for this period of time, only that the obligation to pay rent when "due" as provided in the lease was satisfied and Appellants were thus not in default and could not then be evicted for failure to timely pay rent. The record is disputed as to how much rent Kruger actually returned to Appellants after it was deposited into her bank account. We make no finding and express no opinion as to this amount. The parties are free to resolve or litigate this accounting issue.

7

Appellants were entitled to notice that rent was again "due" and a demand for payment before they could be deemed in default for nonpayment of rent for this period. This case differs from those cited by Kruger in that she did not reject a mere tender of cash or checks sent for payment of rent. Instead, she actually possessed or controlled the funds in her own bank account as her property and then returned (some of) the funds that had been directly deposited. Because of the direct deposits, which under Civil Code section 1500 extinguished Appellants' obligation to pay the rent due by the due dates as provided in the lease, they had actually performed and were not in default on September 9, 2013. A state of default was necessary under Code of Civil Procedure section 1161, subdivision (2), before Kruger could validly serve Appellants with a three-day notice to pay rent or quit.

As noted, the record shows Kruger had returned rental payments timely deposited in her bank account in the several months before September 9, 2013, that covered the period through September 30, 2013, and until September 9, 2013 when she dismissed the prior action, she did not consider rent to then be "due." Because of these facts, Appellants could not, as a matter of law, have been in default for non-payment of rent on September 9, 2013, when the three-day notice was served. To the extent rent was then "unpaid," it was due solely to Kruger having returned the funds that had already been timely deposited into her bank account, extinguishing Appellants' obligation to pay rent on the first of each of these months under Civil Code section 1500. Further, we find nothing in the record to suggest that after Kruger had returned rent payments deposited directly into her bank account before September 9, 2013, and the subsequent reinstatement of the lease on that day, Appellants were ever informed that Kruger again considered rent "due" and would accept it for the months for which it had not just been tendered but timely paid, i.e., through September 30, 2013. Without notice that rent was again "due" and that Kruger would accept it, Appellants were not required to again pay or tender rent that had already been timely deposited but returned. They had performed their obligation to timely pay under Civil Code section 1500, and because of that, they were not in a state of default. Accordingly, Appellants were not in default for nonpayment of rent on September 9, 2013, and Kruger was not legally entitled to serve a three-day notice to pay rent or quit on that

8

day under Code of Civil Procedure section 1161, subdivision (2). Moreover, under the lease, she could not serve a three-day notice until "after the rent continue[d] to be unpaid after four days after the date it is due."[4] If, as Kruger suggests, the notice itself informed Appellants that rent was again "due," then they were entitled to four days after such notice—not three—before Kruger could initiate eviction proceedings. They fully paid again any rent "due" within this four-day period, i.e., by September 13, 2013, but Kruger refused to accept it.

Kruger relies on *Occidental Real Estate v. Gantner and Mattern* (1908) 7 Cal.App. 727 and *Webb v. Jones* (1927) 88 Cal.App. 20 (*Webb*), for the proposition that a landlord is entitled to serve a three-day notice after having previously rejected tendered rental payments, and that the tenant must then pay the rent due within the notice period to prevent eviction. But neither of these cases concern rent *actually paid* to the landlord by direct deposits made under Civil Code section 1500. Unlike in *Webb*, where the court specifically distinguished rent merely tendered by check that the landlord refused, this record affirmatively demonstrates that Appellants satisfied Civil Code section 1500 by their timely deposit of rental payments for the six-month period in Kruger's bank account. By their actual payment of rent such that Kruger received and possessed these funds as her own property, Appellants extinguished their obligation under the lease to pay rent when due for this period of time—a distinct material fact in this case that compels a different result.

As noted, we do not suggest that payment of rent through direct deposit would fully extinguish the obligation to pay rent at all under the lease, if those deposits were returned. Rather, we conclude Appellants were not in default in payment of rent as of September 9, 2013, as they had timely deposited the rent due through the month of September and all prior months. They were not informed that Kruger was changing course and would then accept outstanding rent for the period for which it had already been not just tendered but paid, though returned. At a minimum, Kruger was required to provide notice and demand payment of rent due, i.e., that previously paid by deposit but returned, once she reinstated the lease and became open to accepting rent payments. She was further obliged under the lease to give Appellants a four-day

---

[4] We understand this to mean "four days *from* the date it is due."

9

window to pay the rent after notice that it was once again "due." It was only after passage of these four days that Kruger would have been in a position to initiate unlawful detainer proceedings by service of a three-day notice to pay rent or quit.

As there was no failure by Appellants to timely pay rent due under the lease, there was no default in payment of rent at the time the three-day notice was served, rendering the notice void as a matter of law. Moreover, Appellants were entitled under the lease to the passage of four days after the lease was reinstated and rent once again became "due" before Kruger could serve a three-day notice, which further supports the invalidity of the notice here. (*WDT-Winchester v. Nilsson* (1994) 27 Cal.App.4th 516, 534 [because notice was defective, it is insufficient to support judgment for unlawful detainer].) Because the three-day notice was premature as a matter of law, Kruger did not meet the technical requirements of Code of Civil Procedure section 1161, subdivision (2). We accordingly reverse the judgment.

## DISPOSITION

The judgment is reversed. Appellants are prevailing parties entitled to costs on appeal. (Cal. Rules of Court, rule 8.891(a)(2).)


Date: _____          _____
                                   Honorable Griffin M.J. Bonini
                                   Presiding Judge, Appellate Division


Date: _____          _____
                                   Honorable Mary E. Arand
                                   Judge, Appellate Division


Date: _____          _____
                                   Honorable Helen E. Williams
                                   Judge, Appellate Division

APPEAL from the Santa Clara Superior Court, Derek Woodhouse, Judge.

Todd Rothbard Law Office and Todd B. Rothbard for Plaintiff and Respondent.

Dennis W. Smith Law Office and Dennis W. Smith for Defendants and Appellants.