Filed 2/14/22  Bush Street Apartment Group v. Brettkelly CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BUSH STREET APARTMENT GROUP, LLC,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>TONY BRETTKELLY,<br><br>　　　Defendant and Appellant. | A162711<br><br>(San Francisco City & County<br>　　Super. Ct. No. CUD-20-666735) |

Defendant Tony Brettkelly appeals from the denial of his motion, made pursuant to Code of Civil Procedure section 473, subdivision (d),[1] to vacate a judgment entered pursuant to a motion under section 664.6 to enforce a settlement (specifically, a stipulation for entry of judgment).  Brettkelly objected to the section 664.6 motion on a number of grounds, including that the plaintiff landlord was seeking a judgment that differed from and exceeded the terms of the stipulation.  However, Brettkelly did not appeal from the ensuing judgment.

Instead, after the time to appeal from the judgment lapsed, Brettkelly retained new counsel and filed a motion to vacate the judgment on the ground it exceeded the judicial power accorded to courts in unlawful detainer

---

[1]  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

1

actions and therefore was void for lack of jurisdiction and properly subject to challenge at any time under section 473, subdivision (d). The trial court denied the motion, ruling the judgment was at most an act in excess of the court's jurisdiction and only voidable, not void, and therefore not subject to collateral attack under section 473, subdivision (d).

On appeal, Brettkelly continues to focus on the limited authority of courts in unlawful detainer cases. And the case law does, indeed, speak in terms of void (not merely voidable) judicial actions that go beyond the issue of possession, the sole issue that may be determined in unlawful detainer. At oral argument, counsel clarified that Brettkelly's jurisdictional argument is ultimately grounded on the fact that Yale Residences, the former tenant and of which Brettkelly was the managing partner, vacated the property at issue and was no longer a tenant in possession at the time judgment was entered. Brettkelly, in turn, was never the tenant in possession.

Counsel did not dispute that the parties to an unlawful detainer case can agree to resolve not only the issue of possession but all their differences and enter into a settlement agreement enforceable pursuant to section 664.6—so long as, according to counsel, the tenant remains in possession. If the tenant vacates the property, however, as Yale Residences did here, counsel maintained, citing Civil Code section 1952.3, that the court no longer has jurisdiction to enforce a settlement agreement unless the case is "reclassified" as a general civil matter. Since such reclassification assertedly did not occur here, counsel claimed the trial court had no jurisdiction to enter the judgment enforcing the settlement as to either Yale Residences or Brettkelly, individually, and the judgment is therefore void and properly subject to a motion to vacate under section 473, subdivision (d).

2

We do not agree with counsel's reading of Civil Code section 1952.3 and affirm the order denying Brettkelly's section 473, subdivision (d), motion to vacate.

## BACKGROUND[2]

In January 2020, plaintiff and respondent Bush Street Apartment Group, LLC (Bush Street) filed an unlawful detainer complaint against 1010 Bush Residence, LLC (Bush Residence) and Brettkelly, "an individual." The complaint collectively referred to Bush Residence and Brettkelly as "defendant" and alleged "defendant" was in possession of premises located at 1000-1010 Bush Street. According to Brettkelly, the complaint was precipitated by a dispute "regarding the parties['] obligations for maintenance and repair."

The complaint attached as the pertinent lease a document entitled "Hotel Master Lease." The lease stated it was entered into by Bush Street, the "Landlord," and Bush Residence, "as Tenant." Paragraph 3.8 of the general provisions of the lease, entitled "Individual Liability," specified: "Each person who signs this Lease, whether or not said person is or remains in possession of the Premises, shall be jointly and severally responsible for the full performance of each and every obligation of this Lease, including, but not limited to, the payment of all rent due and the payment of costs to remedy damages to the Premises, regardless of whether such damages were caused by Tenant, Tenant's sub-tenants, Tenant's guests, or Tenant's invitees." The provisions addressing "Default and Remedies" (some capitalization omitted) pertained only to the "Tenant," including terminating "Tenant's right to possession of the Premises by any Lawful means." Any notice was to be given "To Tenant: 1010 Bush Residences, LLC c/o Tony

_____

[2] We recite only the facts material to our disposition.

3

Brettkelly 2149 Powel Street, San Francisco. . . ." The lease was signed by "TENANT 1010 Bush Residences, LLC By: Tony Brettkelly, Manager."

The complaint also attached a copy of the three-day notice to pay rent or quit, which was addressed to "1010 Bush Residences, LLC c/o Tony Brettkelly."

No responsive pleading was filed. Instead, in late February—according to Brettkelly to "resolve the matter"—the parties entered into an eight-page "Stipulation For Entry of Judgment" (some capitalization omitted) to which two exhibits were attached. The stipulation included a number of provisions, including the following:

> "1. The correct name for the tenant in possession is YALE RESIDENCES LLC; however, Defendants 1010 Bush Residences, LLC and Tony Brettkelly, hereby waive any defense or claim of irregularity related to listing of '1010 Bush Residences, LLC,' or 'Tony Brettkelly' as Defendants in this matter, and the Defendant signatories hereto represent and warrant that they have been properly served and have full and proper capacity to bind the appropriate parties (namely, the master tenant in possession of the property . . . to the obligations and promises contained herein. Hereafter, 'Defendant' or 'Defendants' shall refer to 1010 Bush Residence, LLC, Tony Brettkelly, and/or Yale Residences, LLC, and/or any combination thereof, and more specifically the entity in possession of the Property in capacity as Master Tenant pursuant to the Hotel Master Lease Agreement, against which Plaintiff alleges non-payment of rent and unlawful detainer.
>
> "2. Judgment may be entered for possession of that real property known as 1010 Bush Street . . . as follows:
>
> "3. Defendant shall immediately, and by no later than close of business on February 25, 2020, pay Plaintiff $61,169.51. . . .
>
> "4. If Defendant timely tenders payment to Plaintiff, in full, according to Paragraph 3 . . . Defendant's tenancy at the Premises shall be reinstated . . . subject to the following

4

conditions . . . ( . . . Plaintiff and Defendant may below be referred to as 'Landlord' and 'Tenant' respectively):

[¶] . . . [¶]

"b. Tenant shall make regular, timely payments pursuant to the Payment Schedule attached and incorporated herein as Exhibit B.  These payments shall constitute payments toward the back-rent due and owing under the Lease Agreement. . . .

"c. Expressly contingent upon Tenant's ongoing compliance with the payment schedule provided below, Landlord shall waive all late fees and legal costs incurred as a result of Defendants' nonpayment of rent, accrued through the inception of Defendants' tenancy through the date of the signing of this Stipulation. . . .

"d. Tenant's rent shall be due on or before the sixth (6th) day of each month. . . .  In the event of default, Landlord shall provide Tenant with a notice pursuant to *Cal. Civ. Proc. Section 1161(2)* prior to moving for entry of judgment. . . .

"e. Expressly contingent upon Tenant's performance according to this Stipulation, including but not limited to Tenant's tendering of payment according to Paragraph 3 above, and Tenant's ongoing tender of pay [*sic*] according to the Payment Schedule, Landlord agrees to pay for improvements to the Premises. . . .

[¶] . . . [¶]

"7. In the event Defendant: (a) fails to pay Plaintiff (timely and in full) according to Paragraph 3 above; (b) fails to make any single payment timely and in full according to the Payment Schedule attached and incorporated herein as Exhibit B; or (c) otherwise materially breaches the terms of this Stipulation, then Plaintiff shall apply ex parte to the Court for entry of judgment in favor of Plaintiff against Defendant *for possession of the premises*, plus all relief sought in the Complaint, including but not limited to unlawful detainer damages, late fees, and attorneys' fees. . . .

"8. . . . [T]his Stipulation is the product of voluntary negotiation between the parties hereto.  This stipulation is executed with advice of independent counsel.

5

[¶] . . . [¶]
"11. Defendant agrees to withdraw any and all pending administrative actions and not to file any future administrative actions or lodge any additional complaints concerning or relating to any matters now known to exist or which have occurred in the past, regarding the Premises. . . .

"12. No motions for relief shall be sought by Defendant. . . .

"13. No requests for stay of eviction shall be sought by Defendant. . . .

"14. Defendant waives the right to seek a stay or file an appeal from the judgment.
[¶] . . . [¶]
"16. Subject to and contingent upon Defendant's performance of the terms of this Stipulation, Plaintiff shall dismiss the action, with prejudice. . . ." (Italics added.)

The stipulation was signed by Bush Street by its "Managing Manager," by "Tony Brettkelly on behalf of 1010 Bush Street, LLC, and . . . Yale Residences LLC dba," and by "Tony Brettkelly, Defendant."

Exhibit A to the stipulation was entitled "First Amendment to Master Lease Agreement" (some capitalization omitted) between Bush Street and "Yale Residences LLC dba 1010 Bush Residences and Tony Brettkelly dba 1010 Bush Residences LLC ('Tenant')." This four-page document included a number of provisions, including the following:

"C. WHEREAS . . . Landlord and Tony Brettkelly entered into a Hotel Master Lease Agreement effective July 1, 2019, pursuant to which the Tenant was listed as '1010 Bush Residences, LLC.' Tony Brettkelly represented and warranted, and continues to represent and warrant that he personally was the managing member or principal member of whatever entity constituted the Tenant upon whom the Hotel Master Lease Agreement conferred duties and obligations. Tony Brettkelly signed and entered into the Hotel Master Lease Agreement binding himself personally and whatever entity he represented would

6

constitute the Tenant, to the terms of the Hotel Master Lease Agreement;

"D. WHEREAS '1010 Bush Residences, LLC' was never actually formally registered with the state of California, and Tenant Tony Brettkelly now hereby represents and warrants that the proper title for the entity that shall constitute the Tenant pursuant to the existing Lease, this Amendment, and all obligations and duties container [*sic*] therein, is 'Yale Residences, LLC.'  Tony Brettkelly represents and warrants that he is the managing member or principal member of this entity, and that this entity can legally conduct business as the Tenant and party to the Hotel Master Lease and this Amendment. [¶] . . . [¶]

"NOW THEREFORE, in consideration of the mutual promises and covenants set forth in this 1st amendment, Landlord and Tenant agree as follows:

"1. The tenant shall be Yale Residences LLC dba 1010 Bush Residences.  Tenant warrants and represents it has complied with all rules and regulations related to registering its business, and that it is in good standing with the State of California and the City and County of San Francisco.  Tony Brettkelly will not be a tenant in possession in his individual capacity, but is the principal member or managing member of Yale Residences, LLC."

The amendment to the lease was signed by "Bush Street Apartment Group, LLC" by its managing member and by "Yale Residences LLC," by "Tony Brettkelly, Managing Member."

It is undisputed that the back rent payment called for by paragraph 3 ($61,169.51) was made.  It also appears the back rent payments called for by paragraph 4b and the attached payment schedule were made.  However, rent going forward, due on the sixth day of each month pursuant to paragraph 4d, was not paid.

7

Bush Street therefore served Yale Residences with a three-day notice under section 1161, subdivision (2), in accordance with paragraph 4d of the stipulation for entry of judgment. Yale duly vacated the premises.

Bush Street also sought, ex parte, entry of judgment pursuant to the stipulation. Defendants opposed the ex parte request on a number of grounds, including that the return of possession by Yale Residences foreclosed an unlawful detainer judgment (i.e., a judgment of possession), that performance of the stipulation became impossible due to the pandemic, and no judgment could be entered against Brettkelly, personally. The trial court denied Bush Street's ex parte application, directing it to file a noticed motion pursuant to section 664.6 to enforce the settlement and for entry of a money judgment.

Bush Street duly filed a motion to enforce the settlement and for entry of judgment, essentially reiterating what it had said in its ex parte application. Defendants, in turn, filed opposition that largely reiterated their opposition to the ex parte application. The trial court granted the motion to enforce, finding defendants were in breach of the stipulation and rejecting their opposing arguments. It ruled Brettkelly was "liable as a party to the stipulation." Pursuant to its order enforcing the stipulation, the court entered judgment against all defendants, jointly and severally, for $181,119.51 in damages for rent owing under the lease, plus $60,404 in attorney fees and $1,039.12 in costs.

Defendants did not appeal from the judgment.

Five months later, with new counsel, defendants filed a motion to vacate pursuant to section 473, subdivision (d), on the ground the judgment was "void" as to Brettkelly personally. Defendants maintained no unlawful detainer judgment (i.e., a judgment for possession) could be entered against

8

Brettkelly personally because he was never the tenant in possession of the leased premises. They further maintained the judgment was not entered in conformity with the stipulation.

The trial court denied the motion to vacate on the ground it had not lacked "fundamental" jurisdiction to enter the judgment and therefore the judgement was not "void" for lack of jurisdiction. At most, the court had acted "in excess of its jurisdiction in rendering a judgment against defendant Brettkelly because the complaint was not amended to convert this action to a general civil case prior to entry of judgment." Moreover, Brettkelly waived any objections to the court's action by signing the stipulation not only on behalf of the defendant entities, but also in his individual capacity. In addition, in the stipulation, Brettkelly waived his right to seek relief or file an appeal from the judgment.

## DISCUSSION

Brettkelly bases his appeal on case law holding that a court's power in an unlawful detainer case is limited to determining the issue of possession. As the courts have consistently stated, the scope of unlawful detainer proceedings is statutorily prescribed and narrowly construed. "Unlawful detainer is a highly specialized form of litigation. Highly summary in nature, the code requirements must be followed strictly, otherwise a landlord's remedy is an ordinary suit for breach of contract with all the delays that remedy normally involves and without restitution of the demised property." (*Cal-American Income Property Fund IV v. Ho* (1984) 161 Cal.App.3d 583, 585; accord, *Kruger v. Reyes* (2014) 232 Cal.App.4th Supp. 10, 16; *Underwood v. Corsino* (2005) 133 Cal.App.4th 132, 135 (*Underwood*).)

Accordingly, " '[i]t has long been recognized that the unlawful detainer statutes are to be strictly construed and that relief not statutorily authorized

9

may not be given due to the summary nature of the proceedings.'" (*Underwood, supra,* 133 Cal.App.4th at pp. 136–137.) Thus, as Brettkelly observes, the courts have characterized relief exceeding the statutory confines of unlawful detainer as beyond the court's jurisdiction and therefore void. (E.g., *Selma Auto Mall II v. Appellate Department* (1996) 44 Cal.App.4th 1672, 1681, 1683–1684 [court's order that tenant pay landlord $238,000 "as compensation for" some of landlord's attorney fees was beyond court's authority in unlawful detainer case; "[w]hen a court grants relief which it has no authority to grant, its judgment is to that extent void"]; *Hudec v. Robertson* (1989) 210 Cal.App.3d 1156, 1163–1164 [court "was without jurisdiction" to enter order that if the tenant lost possession, court would enter a specified money judgment in favor of the landlord]; *Balassy v. Superior Court* (1986) 181 Cal.App.3d 1148, 1152.)

Brettkelly does not dispute that the parties to an unlawful detainer case can enter into a settlement agreement, enforceable pursuant to section 664.6, that resolves not only the issue of possession, but any other issues between the parties arising out of the occupancy of the property, as the settlement agreement did here. He maintains, however, that such a settlement agreement is enforceable in an unlawful detainer case *only* when the tenant remains in possession. If the tenant vacates the property, as Yale Residences did here, Brettkelly insists a judgment enforcing other terms of a settlement agreement exceeds the bounds of the court's judicial power and is therefore a "void" act. According to Brettkelly, the only way to preserve a court's jurisdiction to enforce a settlement agreement once the tenant in possession has vacated the property, is to "reclassify" the case as a general civil matter. In support of this proposition, Brettkelly cites Civil Code section 1952.3 and *Ben-Shahar v. Pickart* (2014) 231 Cal.App.4th 1043 (*Ben-Shahar*).

10

Civil Code section 1952.3 states in pertinent part:

"(a) Except as provided in subdivisions (b) and (c), *if* the lessor brings an unlawful detainer proceeding and *possession of the property is no longer in issue* because possession of the property has been delivered to the lessor before trial or, if there is no trial, before judgment is entered, *the case becomes an ordinary civil action* in which:

"(1) The lessor may obtain any relief to which he is entitled, including, where applicable, relief authorized by Section 1951.2; but, *if the lessor seeks to recover damages* described in paragraph (3) of subdivision (a) of Section 1951.2 or any other damages *not recoverable in the unlawful detainer proceeding*, the *lessor shall first amend the complaint* pursuant to Section 472 or 473 of the Code of Civil Procedure so that possession of the property is no longer in issue and to state a claim for such damages and shall serve a copy of the amended complaint on the defendant in the same manner as a copy of a summons and original complaint is served.

"(2) The *defendant may, by appropriate pleadings or amendments to pleadings, seek any affirmative relief, and assert all defenses*, to which he is entitled, whether or not the lessor has amended the complaint; but subdivision (a) of Section 426.30 of the Code of Civil Procedure does not apply unless, after delivering possession of the property to the lessor, the defendant (i) files a cross-complaint or (ii) files an answer or an amended answer in response to an amended complaint filed pursuant to paragraph (1)."  (Civ. Code, § 1952.3, subd. (a)(1)–(2), italics added.)

By the plain terms of the statute, an unlawful detainer case *automatically* "becomes an ordinary civil action" if the tenant in possession vacates the property prior to the entry of judgment.  And at such point, the defendant is entitled to all the procedural protections that adhere in a civil action—for example, the receipt of a complaint with adequately pleaded legal claims and the right to respond and raise defenses thereto.

The statute contains no requirement that a formal "reclassification" must be made to maintain the court's jurisdiction.  On the contrary, the

11

statute, itself, vests the courts with judicial power to hear the case as a civil matter. The statute also provides for the filing of an amended complaint setting forth the landlord's claims that go beyond the bounds of unlawful detainer, and the filing of amended responsive pleadings setting forth defenses to these claims. These provisions are, of course, necessary to protect the defendant tenant's procedural due process rights. (See *Lynch & Freytag v. Cooper* (1990) 218 Cal.App.3d 603, 609 (*Lynch & Freytag*) ["It would obviously be unfair to require the defendant-tenant to defend against ordinary civil actions under the constraints of the summary procedure in unlawful detainer actions."].)

In the instant case, Bush Street did not file an amended complaint after Yale Residences vacated the premises. The question, then, is whether the requirement that a landlord "shall first amend the complaint" (Civ. Code § 1952.3, subd. (a)(1)) goes to the fundamental jurisdiction of the court, or whether it is akin to a matter of form or a substantive limitation on the court's authority that can be waived. (See, e.g., *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 807–810 (*Quigley*) [discussing difference between lack of "fundamental jurisdiction," meaning the " ' " ' "entire absence of power" ' " ' " to hear a case, and other objections to the scope of a court's authority that a defendant can raise but are waivable].)

The Supreme Court has emphasized that " ' "an intent to defeat the exercise of the court's jurisdiction will not be supplied by implication," ' " and there should be "clear indication of a legislative intent to limit the fundamental jurisdiction of the courts," before any such limitation is found. (*Quigley*, *supra*, 7 Cal.5th at p. 808.) No such clear indication appears in Civil Code section 1952.3, subdivision (a)(1).

In *Lynch & Freytag,* the Court of Appeal concluded the trial court properly proceeded to enter judgment other than for possession after the landlord asked only to " 'withdraw' the issue of unlawful detainer and to proceed with the action as an ordinary civil suit for breach of contract." (*Lynch & Freytag, supra,* 218 Cal.App.3d at pp. 605–606.) The court noted "[t]he better practice would have been to order [the landlord] to file an amended complaint." (*Id.* at p. 610, fn. 7.) But on allowing the withdrawal of the possession claim, the trial court had granted the defendant leave to file amended responsive pleadings, satisfying due process, and ultimately, the court allowed the landlord to file a supplemental complaint.[3] (*Id.* at pp. 606–610.)

We agree with the *Lynch & Freytag* court's implicit view that the filing of an amended complaint is not a fundamental jurisdictional prerequisite, and that a trial court does not err, in even substantive respect, in treating an unlawful detainer case in which possession is no longer an issue as a general civil matter, so long as the court affords the parties all pertinent procedural rights. While Brettkelly takes issue with the merits of the trial court's grant of the section 664.6 motion to enforce the settlement, he has never claimed

---

[3] The defendant tenant in *Lynch & Freytag* was still in possession of the property at the time the landlord asked to withdraw its unlawful detainer claim and proceed with the case as a general civil action. Citing Civil Code section 1952.3, subdivision (a), the tenant maintained an unlawful detainer case can be " 'converted' " to a general civil action only when the tenant has vacated the property. (*Lynch & Freytag, supra,* 218 Cal.App.3d at p. 608.) The court rejected that assertion, pointing out that an unlawful detainer claim (for possession) "can co-exist with other causes of action in the same complaint so long as the entire case is treated as an ordinary civil action, not as a summary proceeding." The trial court had duly treated the case as such from the time the possession claim was withdrawn and had afforded the defendant all the due process rights attendant thereto. (*Id.* at pp. 608, 610.)

13

the court did not afford him, or comply with, the procedures attendant to such motion in a civil action.

Thus, we see no reason why the filing of an amended complaint by the landlord cannot be waived in an unlawful detainer case by a defendant tenant who agrees to settle all issues between the parties and vacates the property in accordance with that agreement. Since such a settlement agreement fully informs the tenant as to the landlord's claims, as well as the parties' resolution thereof, the defendant's due process rights to notice and an opportunity to respond are satisfied; the filing of an amended complaint is an unnecessary redundancy.

*Ben-Shahar* is not in conflict with our conclusion that the trial court had fundamental jurisdiction to enter a judgment enforcing all the terms of the settlement. In that case, the new owners of a rent-controlled building alleged they intended to occupy the unit and brought an unlawful detainer action to oust the existing tenant. The trial court rejected the tenant's defense that the move-in was a sham and issued a ruling requiring the tenant to vacate. (*Ben-Shahar, supra,* 231 Cal.App.4th at pp. 1047–1048.) The parties then entered into an agreement that the tenant would vacate and the owners would comply with the move-in provisions of the rent control ordinance. (*Id.* at p. 1048.) The tenant moved out, but due to delays in renovations of the unit, the new owners did not move in within the time specified by the ordinance. Some months later, the tenant "moved for a finding" in the unlawful detainer action that the owners "had breached the unlawful detainer settlement." (*Ibid.*) The unlawful detainer court did not rule on the motion indicating "it could only undertake consideration of the merits if the case were reclassified from limited to unlimited, and noted that a separate lawsuit was the appropriate way for [the tenant] to assert his

14

claims." (*Ibid.*)  The tenant filed a new civil action, alleging breach of the settlement agreement.  (*Ibid.*)  The owners responded with a special motion to strike, claiming the cause of action was based on protected litigation activity and further claiming the unlawful detainer court had ruled in their favor and the tenant was therefore collaterally estopped from pursuing his claim.  (*Id.* at p. 1049.)  The trial court denied the special motion to strike; the Court of Appeal affirmed.  (*Id.* at pp. 1049, 1055.)

As to collateral estoppel, the appellate court stated the doctrine did not apply to the tenant's "misguided attempt to enforce the settlement agreement in the unlawful detainer proceedings.  As the trial court in the unlawful detainer proceedings recognized, such proceedings are limited proceedings.  The sole issue in an unlawful detainer proceedings [*sic*] is possession of the premises.  Thus, the trial court there did not have the authority to resolve the dispute arising from the purported breach of the unlawful detainer settlement and therefore did not do so." (*Ben-Shahar, supra,* 231 Cal.App.4th at pp. 1053–1054.)

*Ben-Shahar* involved distinctly different circumstances than are presented here.  More importantly, the Court of Appeal did not mention, let alone discuss, the language Civil Code section 1952.3.  Nor did it consider whether the trial court would have had fundamental jurisdiction to consider the merits of the motion to enforce the settlement had it treated the case as an ordinary civil action and ensured that all parties were accorded the procedural rights due civil litigants.

We therefore reject Brettkelly's claim that some kind of formal "classification" order was required to imbue the trial court with fundamental jurisdiction to enter a judgment pursuant to section 664.6, enforcing the settlement as to Yale Residences and Brettkelly, individually.  We also note

15

that in this case, the court that handled the unlawful detainer proceedings did not hear the section 664.6 motion to enforce the settlement agreement; rather, the motion to enforce was heard in the civil law and motion department. Since Brettkelly's appeal turns on his claim that, once Yale Residences vacated the property, the trial court lacked jurisdiction to enter any judgment pursuant to section 664.6, our rejection of this proposition disposes of the case.

At several points during oral argument, counsel also asserted the trial court's judgment did not comport with the terms of the settlement stipulation. A trial court cannot, of course, enter a judgment pursuant to section 664.6 that differs from the terms of the parties' settlement agreement. (*Machado v. Myers* (2019) 39 Cal.App.5th 779, 792 (*Machado*); *Hernandez v. Board of Education* (2004) 126 Cal.App.4th 1161, 1176 (*Hernandez*) ["[t]he court is powerless to impose on the parties more restrictive or less restrictive or different terms than those contained in their settlement agreement"].)

However, an aggrieved party's remedy in this respect is a direct appeal from the judgement. (See, e.g., *Canaan Taiwanese Christian Church v. All World Ministries* (2012) 211 Cal.App.4th 1115, 1119, 1126–1127 [settlement agreement could not be reasonably construed to require pastor to execute written agreement in his individual capacity].) What an aggrieved party cannot do is allow the time to appeal the section 664.6 judgment to expire and then collaterally attack the judgment on the ground it is "void" because it differs from the terms of the settlement agreement and stipulation for entry of judgment.

In *Machado*, for example, the Court of Appeal first determined that the parties, neighbors who disputed a property line, had duly entered into a settlement agreement that was enforceable under section 664.6. (*Machado,*

16

*supra,* 39 Cal.App.5th at pp. 783, 790–791.)  It next determined, however, that the "the actions taken by the court in entering judgment exceeded the actions it was authorized to take based on the specific request for entry of judgment under section 664.6 that was before the court." (*Id.* at p. 797.)

The court went on to explain that even though the appellant had not opposed entry of the judgment, it could be challenged by post-judgment motion. (*Machado, supra,* 39 Cal.App.4th at pp. 791, 799–800.)  However, such challenge could not be made by way of motion to vacate under section 473, subdivision (d), but rather, by way of a motion to vacate or set aside the judgment under section 663. (*Machado,* at pp. 797–800.)

As to section 473, subdivision (d), the court explained: "Appellants argue, mistakenly, that the judgment is void because the trial court 'exceeded its authority' in entering it.  Appellants overlook the distinction between void and voidable judgments.  If a court lacks 'fundamental authority over the subject matter, question presented, or party,' the judgment it renders is void; however, if a court 'merely act[s] in excess of its jurisdiction or defined power,' the judgment it renders is voidable. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56 . . . ; . . . *Lee v. An* (2008) 168 Cal.App.4th 558, 566 . . . ['Where, as here, the court has jurisdiction over the party and the questions presented, but acts in excess of its defined power, the judgment is voidable, not void.'].)  Here, the trial court had authority over the subject matter, the question presented, and the parties, yet acted in excess of its defined power by entering a judgment inconsistent with the terms of the settlement.  Thus, there is no basis to conclude the judgment is void, rather than voidable, and Appellants were not entitled to relief from a void judgment under section 473, subdivision (d)." (*Machado, supra,* 39 Cal.App.4th at p. 798.)

The proper procedural vehicle to challenge the section 664.6 judgment was, rather, a motion to vacate or set it aside under section 663. (*Machado, supra,* 39 Cal.App.4th at p. 799.) "The terms of that agreement are undisputed, yet the trial court entered a judgment that failed to reflect those terms. The trial court thus entered an erroneous judgment on the basis of uncontroverted evidence," entitling the appellants to relief under section 663. (*Machado,* at p. 799.)

Brettkelly did not file a section 663 motion, and the time to do so had long since run by the time he filed his section 473, subdivision (d) motion. (§ 663a, subdivision (a)(2) [notice of intent to move to set aside judgment must be filed within 15 days of the date of mailing notice of entry by the clerk or service of notice of entry by a party].)[4]

## DISPOSITION

The order denying appellant's section 473, subdivision (d), motion to vacate is AFFIRMED.

---

[4] Given our conclusions, we need not, and do not, reach any of the other arguments advanced by the parties.

18

_____

Banke, J.

We concur:

_____

Margulies, Acting P.J.

_____

East, J.*

*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A162711, *Bush St Apart Group v. Brettkelly*